Thompson, Ch. J.,
delivered the opinion of the court. The principal question in this case is, whether any damages could be -assessed for the defendants ? This will depend on the construction to be given to the statute, (1 N. R. L. 344.) which declares, that every person making avowry, justification, or cognizance, in any action of replevin, if the same be found for him, or the plaintiff be nonsuited, or otherwise barred, then such person ¡shall recover his damages and costs, against the plaintiff, in like manner as the plaintiff would have done if the same had been found against the defendant, At common law, the plaintiff, in replevin, if he recovered at all, had a right to recover damages for the unjust caption and detention of the property; and, then, by the statute of Gloucester, costs followed as a consequence of ■guch damages; but the defendant had no costs. The statute, 7 Hen. VIII. ch. 4., of which our act is nearly a transcript, was. passed to remedy this. Our act is, however, broader than the English statute, that being confined to replevin in particular, cases. Our statute is general, extending to all cases of repleT yin, when the defendant shall succeed in making out his avowry, pr justification, or the plaintiff shall he nonsuited, or otherwise barred. (2 Bac. Ab. costs, (F.))
The case now before us is not only within the words, hqt within the reasons and policy of the statute, which was to prevent vexatious replevins. (Cro. Car. 532. James v. Tutney.) If damages are at all recoverable, I do not see what other rule could be adopted than the one taken at the trial. It was no more than indemnifying the defendants for "the actual injury sustained, and unless they can recover these damages, here, it may *389 be questionable whether they can recover damages at all. At all events, if a suit upon the bond given to the sheriff for the prosecution of the replevin, and the return of the goods should become necessary, there can be no doubt that the plaintill in this cause, may protect himself against any claim for damages by reason of the decrease in the value of the goods, and for which the damages, in this case, have been allowed.
There is no foundation for the objection, that the inspectors of the customs, who made the seisure in this case, did not at Cumberland Head. Such a construction of the law would render it, in a great measure, nugatory in so extensive a district as that of Champlain. This point, though suggested, was not much pressed on the argument. Judgment must, he rendered for the defendants, upon the verdict, as found by the jury.
Judgment for the defendants. ■