DWIGHT *against* ENOS and JANES.

A defendant who succeeds in an action to recover the possession of personal property, when the property has been delivered to the plaintiff, must, under § 277 of the Code, take judgment in the alternative, for a return of the property or for the value thereof as assessed, in case a return cannot be had; this section having deprived defendants in such actions of the election given them by the Revised Statutes, either to take judgment for a return, or for the value of the property at their option.

THIS action was brought to recover possession of a canal boat taken by the defendants upon the 9th of September, 1851, out of the possession of Chauncey H. Bascom. The plaintiff claimed title by virtue of a bill of sale from Bascom and one Oliver Beckwith, dated February 21, 1851. The defence was that the sale by Bascom to the plaintiff was fraudulent as to the creditors of Bascom; but no prayer for relief was contained in the answer. The case was referred to a sole referee who reported as follows:

Dwight *against* Enos and Janes.

" The undersigned, sole referee appointed to hear and determine this action, having first been duly sworn, proceeded to the hearing of the proofs and allegations of the parties; and having heard and duly considered the same, does hereby decide and determine, that the undivided half of the property mentioned in the complaint was owned and possessed by one Chauncey Bascom up to February 21, 1851; that the whole of said property had been in the possession of said Bascom for the year previous to that time, and was then in his possession and under his control; that one Oliver Beckwith, who claimed to be the owner of the other half of that property, on that day, with the said Bascom, made, executed and delivered a bill of sale of said property to the plaintiff in this action; that said sale was not followed by an actual or continued change of possession of said property, but the said property remained in the possession of the said Bascom until September 9, 1851, when his right and interest therein was attached, as stated in his answer in this action, by the defendant Janes, who was then and there a constable of the county of Saratoga; that it was not made to appear before me on said trial that said sale of the interest of said Bascom in said property was made to said plaintiff in good faith, without any intent to defraud the creditors of said Bascom or the said J. B. Enos, Tifft & Grant, mentioned in said answer; that the said Bascom was indebted to said Enos, Grant & Tifft as partners under the firm name of J. B. Enos & Co., at the time and in the manner stated in said answer; that said debt remained due and unpaid at the time of the issuing of said attachment; that an attachment upon said debts against the goods and chattels of said Bascom was issued; that said attachment was placed in the hands of the defendant Janes, a constable, as aforesaid; that proceedings were had upon said attachment; that a judgment was rendered and subsequent proceedings had thereupon, at the time, in the manner and as stated in said answer; that the amount

of said judgment, with costs and interest to this date, is the sum of $65.10; that the defendants have elected to waive a return of said property and take a judgment for damages; that the undivided half of said property owned by said Bascom was of the value of $500 at the time of the seizing and attaching the same, as stated in the pleadings. From the foregoing facts my conclusions of law are: That the sale of the undivided half of said property by said Bascom to said plaintiff was fraudulent and void as against the said debt of J. B. Enos & Co., creditors of said Bascom as aforesaid, and as against said attachment and judgment; that said property was at the time of the taking thereof by Janes and Enos liable to be attached for the payment of said debt, and that the defendants are entitled to recover against said plaintiff for damages the sum of $65.10 in lieu of a return of said property. I therefore direct the clerk to enter a judgment against said plaintiff in favor of said defendants for $65.10, with costs of this action."

The judgment entered on this report was affirmed at general term, and the plaintiff appealed to this court. The cause was submitted here on printed arguments.

*Joseph Potter* for the appellant.

*1. C. Ormsby* for the respondents.

SELDEN, J., delivered the opinion of the court.

Two questions arise in this case as to the form of the judgment, viz: 1. Had the defendant a right at his election to waive a return and take judgment for the value of the property, admitting that he was entitled to judgment for one or the other? 2. Could he have judgment either for a return or the value of the property without claiming a return in his answer? These questions depend upon the construction to be put upon certain sections of the Code.

Section 277 provides as follows : " In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof *in case a delivery cannot be had*, and of damages for the detention. If the property have been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof *in case a return cannot be had*, and damages for taking and withholding the same." This section cannot be safely construed without carefully comparing it with the provisions of the previous statute of which it takes the place. The latter branch of the section is a substitute for the following section of the Revised Statutes, viz : " The defendant, whenever he shall be entitled to a return of the property replevied, instead of taking judgment for such return as above provided, may take judgment for the value of the property replevied ; in which case such value shall be assessed by the jury on the trial, or by a writ of inquiry, as the case may require." ( 2 *R. S.*, 531, § 55.) By this provision it was left entirely at the option of a defendant to take judgment either for a return or for the value of the property as he might see fit. The statute contains no words whatever limiting or qualifying his right of election. The significant words, then, " in case a return cannot be had," incorporated into § 277 of the Code, are new. Are these words to be rejected as surplusage ? The words are clear and explicit, and have a plain and direct application to the subject matter of the section. Some meaning, I think, should be given to them. But they are deprived of all force if it is held that the defendant has in all cases an election as to the judgment he will take ; and the section is interpreted precisely as it would be with those words stricken out.

We shall obtain some light as to the true meaning of the clause in question, by comparing the first part of § 277, which applies to the judgment which a plaintiff may take,

with the provision of the Revised Statutes for which it is substituted. Section 49 of the former statute, concerning "the action of replevin," provides as follows: "If the goods and chattels specified in the declaration shall not have been replevied and delivered to the plaintiff, such plaintiff, in case he shall recover judgment upon the whole record, shall be entitled, in addition to his judgment for damages and costs, to a *further judgment*, that such goods and chattels be replevied and delivered to him without delay; or, *in default thereof*, that such plaintiff do recover from the defendant the value of such goods and chattels as the same shall have been assessed by the jury, on the trial, or upon the writ of inquiry." (2 *R. S.*, 530, § 49.) Thus it appears that prior to the Code, a plaintiff in replevin, where he had not obtained possession of the goods, must take his judgment in the alternative, first, for a delivery of the goods, and " in default thereof" for their value; and § 50 provides for an execution in corresponding form, requiring the sheriff to replevy the goods if they can be found; and if not, then to levy the value thereof as assessed by the jury. It is obvious that the first branch of § 277 of the Code was intended to adopt, substantially, the provisions of the Revised Statutes in regard to the judgment which the plaintiff in such action may take. The words " *in case a delivery cannot be had*," are equivalent to the words " in default thereof," in § 49 of the former statute. Where, therefore, a plaintiff in this species of action is already in possession of the property, if he succeeds in the suit, he merely takes a judgment to confirm his possession, and for his damages and costs; but in case he has not obtained possession he should take a judgment in the alternative, that he recover the possession, and that the goods be delivered to him, &c., or that he recover the value thereof, specifying such value as found by the jury in case a delivery of the goods cannot be had, together with his damages, &c. There can be little doubt that the second branch of § 277 was intended to put

Dwight *against* Enos and Janes.

defendants in these actions in the same position in respect to the form of the judgment as plaintiffs were formerly where the goods had not been replevied, and as they continue to be under the first branch of the section. The effect of the section as a whole is simply to abolish the distinction made by the Revised Statutes between a plaintiff where the property had not, and a defendant where it had been delivered, in respect to the judgment to which, if successful, they would be respectively entitled; which distinction as we have seen was this: that a plaintiff was obliged to take judgment for a delivery of the property, but might add to this a judgment for its value in default of such delivery; whereas a defendant could take judgment for a return of the property or for its value at his election. The section of the Code in question takes away this election from a defendant and prescribes precisely the same form of judgment for him where the property has been replevied and delivered to the plaintiff, as for the plaintiff where he has failed to obtain possession prior to judgment.

If there could be any serious doubt as to the interpretation of this section, considered by itself, this doubt must, I think, be entirely removed by § 289 of the Code, which prescribes the form of the execution to be issued in such cases. Subdivision 4 of this section provides as follows, viz.: "If it (the execution) be for the delivery of the possession of real or personal property, it shall require the officer to deliver the possession of the same, particularly describing it, to the party entitled thereto, and may at the same time require the officer to satisfy any costs, damages or rents and profits recovered by the same judgment out of the personal property of the party against whom it was rendered, and the value of the property for which the judgment was recovered to be specified therein *if a delivery thereof cannot be had.*" This form of execution necessarily contemplates a judgment in the alternative; first for a delivery of the property, and then for its value in case no delivery can be had.

I regard it, therefore, as entirely clear that neither a plaintiff nor a defendant in an action to recover the possession of personal property can take judgment for the value of the property except as an alternative. The judgment in this case, therefore, is clearly erroneous in this respect; and as for this error the judgment must be reversed, it is unnecessary to pass upon the question whether the defendants could have judgment for a return or for the value of the property, without claiming a return in the answer; or upon any of the other points raised on the part of the plaintiff.

I deem it proper, however, to say, that on looking into the case presented to the supreme court and upon which the cause was there decided, I am clearly of opinion that the finding of the referee upon the question of fraud was not warranted by the proof, and that the judgment should have been reversed and the report set aside by the supreme court upon that ground. This, however, is an error which it is not the province of this court to correct.

The whole court concurring,

Judgment reversed.