By the Court—Hoffmah, J.
The case of Rowley v. Gibbs, (14 Johns., 385,) is decisive of the point that the plaintiff is entitled to recover damages arising from the depreciation of the goods, during the wrongful detention by the defendant. The plaintiff could not be indemnified without such an allowance, and it is unimportant whether the decrease in value arises from the defendant’s act or default, or from other cause. See also Suydam v. Jenkins, (3 Sandf. S. C. R., 614, 644.)
We think also, that damages could be assessed upon this ground, under the pleadings, without a special allegation of this cause of damage. The averment of the complaint is, that the defendant wrongfully took and detained the goods to the damage of the plaintiff of $5,000. The rule requiring special causes of damage to be set forth is to prevent a surprise upon the defendant. We apprehend that when the source of damage is one so obvious and direct, as the depreciation of goods from lapse of time during a detention, the defendant cannot reasonably urge this ground. It was the natural result of the injury complained of (Chitty on Pleadings, vol. 1, p. 428 ; Driggs v. Dwight, 17 Wend., 71 ; Ward v. Smith, 11 Price, 19 ; Woodruff v. Cook, 25 Barb., 505.)
The evidence shows that a depreciation of 20 to 30 per cent had arisen on woolen goods, and that the shirts be *493 came rotten from being kept, in consequence of the starch in them. This is the case, even when ordinary proper care is taken of them. The item of linen goods amounted to $2,699.09. Fifty per cent on that sum alone would make up, with the other items admitted in the points of the defendant, the whole fifteen hundred dollars of depreciation. There is no ground for disturbing the verdict in this respect.
The learned Judge in allowing the question excepted to before stated, and in his charge, that the Jury were to find the amount of the depreciation of the goods in value, assuming them to have been preserved in good condition, must be understood as meaning, the keeping them with proper usual care. Some fell in value from change of fashion; the linens from an inherent cause of deterioration. The question put to the Jury was in substance, what was the deterioration from all causes, treating the defendant as having used ordinary care in preserving the goods.
It will be noticed, that the learned Ohief Justice suspended the entry of judgment until the parties had been heard as to its form, and dealt with the case upon the facts and amounts found by the Jury in this manner.
The Jury found the value of the property when taken, to have been $4,004.97, and the depreciation $2,004.97. But the plaintiff in his complaint claimed the valne to have been $3,500 only. And the present value being found to be $2,000, the depreciation or damages could only be taken at $1,500, with interest. The interest was adjusted at $530.83. The plaintiff was allowed to remit the excess of value and depreciation, which he did, and the judgment was entered in the manner before stated.
We perceive that the result thus reached was the same as if the Jury had found the present value to be $2,000; the depreciation, $1,500; and the interest, $530.83.
Upon a consideration of the various provisions of the Code, we are of opinion, that where the plaintiff sues without resorting to the provisional remedy of claim and delivery; or where, as in the present case, a counter-bond is given and the possession retained, the Jury may be *494 called upon to assess the value of the property at the time of the verdict, and, also, the depreciation in value from the time of the taking, arising from any causes proven by the evidence. This will involve the proof of the value at the taking. They should allow interest on the whole amount. The amount of depreciation and the interest form the damages. Then the judgment will be, under section 277, for the recovery of possession and the sum found for damages; or, if delivery cannot be had, for the amount of the value at the time of the verdict, and the damages.
The action to recover possession of personal property, is the substitute for the action of replevin. The claim and delivery, of section 206, is a provisional remedy under the Code to obtain possession during suit, not the necessary incident of the action.
When this is resorted to, the actual value of the property must be stated in the affidavit; of course its value at the time of making it. (§ 207.) If the defendant would retain possession, he must give an undertaking in double the value as stated in the plaintiff’s affidavit. (§ 211.)
By section 277, in an action to recover possession of personal property, judgment for the plaintiff may be for the possession or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of damages for the detention.
There is nothing in the Code which is repugnant to the idea, that the value in such a case is the value at the time of the verdict. That value is the substitute for the delivery of the property in specie, which, if recovered, would be only worth so much. The fall or depreciation in value forms part of the damages.
In the present case, the process adopted has arrived at the same result as would have been reached upon the course above suggested. It is entirely just, and no rule of law was, as we conceive, been violated.
The judgment must be affirmed, with costs.