EDWARD P. BREWSTER and ULYSSES B. BREWSTER, Jr.,
Administrators, etc., of Ulysses B. Brewster, deceased,
Respondents, *v.* ROBERT F. SILLIMAN and others, Appellants.

REPLEVIN. EVIDENCE. DAMAGES FOR WRONGFUL DETENTION. Where
property has been replieved, and the defendants have put themselves
upon their claim of right, and have actually procured a restoration of
the property to their possession, no subsequent offer to return the property, unaccompanied with an offer to submit to a judgment in favor of
plaintiffs for the possession of the same, can be of any avail.

Under the provisions of the Code prescribing the judgment in actions to
recover the possession of personal property (§ 277), and prescribing the
verdict (§ 261), whereby the plaintiff is required to take judgment for the
recovery of possession, or the value thereof in case a delivery cannot be
had, and the jury, with a view to such judgment, are to assess the value,
and then to assess damages sustained by the detention, — *the value at the
time of the trial* is the real subject of the inquiry, and the proper subject
of proof. Such value is to be accepted as the substitute for the property
itself, if the sheriff cannot deliver possession, and it should be the equivalent thereof.

Damages, whether arising out of the loss of the use, or depreciation, are
compensated by the damages recovered *for the detention of the property.*
Per WOODRUFF, J.

APPEAL from judgment of General Term of third district
affirming judgment entered on referee's report in favor of the
plaintiffs. The action was brought in the month of September, 1861, to recover possession of two canal boats or
their value, which, it was alleged, had been taken by the
defendants. The cause was referred, and it appeared upon
the trial before the referee, that on the 3d of September,
1861, the plaintiff, Ulysses B. Brewster, deceased, was the
owner of the canal boats in question, and the defendants
wrongfully seized and took possession of said boats by virtue
of attachment issued in their favor by a justice of the peace
of Albany county, against one Benjamin F. Cushman. On
the 30th of September, 1861, the deceased replieved the
boats, and on the 3d day of October, 1861, the defendants
gave the requisite undertaking and procured a return of

the property, and have since retained possession of it. Cushman held the boats under two certain agreements, each of which provided, that he was to take charge of and run the boats therein named at his own risk and expense; that he was to pay Brewster the net earnings, which he agreed should amount to a certain sum, per month, until he had paid the sums named in the agreements, upon which payments being completed, Brewster agreed that he would sell and convey and give a good title, free of incumbrance, by bill of sale to Cushman of the boats in question. The referee found that Brewster had title while living; that defendants acquired no right or title, but wrongfully detained the same, and that the plaintiffs, who were administrators of Brewster, who died after the suit was brought, were entitled to the possession, with damages for the detention, and in case the possession could not be delivered, to recover the value thereof, with interest, from the time of the conversion by the defendants. The referee also found, that at the time the boats were seized by the defendants, they were of the value of $1,700, that the damages to which the plaintiffs were entitled for their detention was $742.27, being the interest on the value of the property from the 3d day of September, 1861, when the same was seized by the defendants. The plaintiffs were substituted in the place of Ulysses B. Brewster after his decease. Judgment was entered in accordance with the referee's report. The defendants appealed to the General Term, where the judgment was affirmed, and the defendants appealed therefrom to the Court of Appeals.

*Francis Rising,* for the appellants.

*J. A. Millard,* for the respondent.

MILLER, J. It is insisted by the defendants' counsel that the referee erred upon the trial in allowing the plaintiff to prove the value of a portion of the property before it was taken by the officer, and before the defendant exercised any control over it. The first witness by whom evidence of this char-

acter was given was a ship carpenter, who had repaired one of the boats in question, about one year prior to its conversion by the defendants. He had, therefore, knowledge of its value at this time, and, as it was afterward proved that the boat was in as good condition when it was taken by the defendants as when the witness made the repairs, and had actually increased in value since that time, the testimony was competent as tending to show value.

It is further objected, that the referee erred in allowing evidence of the highest market value which property of that description had obtained, from the time of the commencement of the action until the day of the trial. It is, I think, a sufficient answer to this objection, that it appears by the referee's report, that he assessed the value of the property at the time it was taken, with interest from that period, and hence the testimony introduced as to its value at any other time, could not have had any bearing on his decision.

There was no error, I think, in refusing to allow the defendants to prove that they offered to return one of the boats to the captain from whom it was taken. It does not appear, that the offer was made at the time when the boat was demanded of the defendants, or that the offer made embraced proof of an attempt to deliver the boat to the plaintiffs.

It is also urged, that the court erred in refusing to dismiss the action as to all the parties except Robert F. Silliman, as there was no proof that any of them but him exercised any control over the property. Conceding, that the proof when the plaintiff rested, was insufficient to establish that the other defendants had co-operated with Robert F. Silliman in the conversion of the property and in claiming it, the difficulty, I think, was obviated by evidence which was subsequently introduced to show the liability of all of the defendants. In their answer the defendants justified the taking of the property by virtue of an attachment in their favor against the property of one Cushman, and after the plaintiff had rested, introduced in evidence the attachment papers and proceedings which established, that all the defendants were engaged in seizing and converting the property.

Nor was there any error in rejecting the evidence offered by the defendants to prove the costs of repairing the one of the boats after the conversion, and after she had been procured while in the possession of the defendants.

The costs of these repairs could not in any way be material or throw any light upon the question of value, and the testimony was properly excluded.

The fact that Cushman, the defendant in the attachment, had possession of the property in question under a contract with Ulysses B. Brewster, to purchase the same, and had paid a certain portion of that purchase money, did not give Cushman such an interest in or title to the property as could be sold under a judgment and execution against him. The property still belonged to the plaintiff, and the defendants, in assuming to sell it, were responsible for its conversion. They seized it under an execution against another party, and having refused to return it upon demand, were clearly liable.

Whether the judgment is against the weight of the evidence, or the damages are excessive, presents a question which cannot be raised upon this appeal. There was certainly testimony to sustain the referee's finding as to the value of the property, and his finding cannot therefore be reviewed.

There was no error upon the trial, and the judgment must be affirmed.

WOODRUFF, J. This action is prosecuted for the recovery of the possession of two canal boats, the property of the original plaintiff, the repondents' intestate, which it is alleged the defendants have become possessed of and wrongfully detain. The sole defense set up in the answer is a justification of the taking of the boats by a constable by virtue of attachments, at the suit of the defendants against one Cushman, the same then being his property, and not the property of the plaintiff, and the levy of executions in the suits so commenced, and the sale thereunder of one of the boats to one of the defendants, and the return of the other boat by the constable to the person in whose possession he found it.

The cause was referred and tried before the Hon. CHARLES R. INGALLS, who found as facts, that the plaintiff (the intestate) was the owner of the two boats, and that, on the 3d of September, 1861, the defendants wrongfully seized and took possession of the boats; that the intestate replevied them, and the defendants thereupon gave the requisite undertaking and procured a return thereof to them, and have since retained the property; that the plaintiffs are entitled to the possession of the property, with damages for the detention, or, in case the possession cannot be procured, then to recover the value thereof with interest, from the time of the conversion by the defendants. And he finds the value, at the time the boats were seized by the defendants, was $1,700, and the interest from that time $742.27, and that the damages to which the plaintiffs are entitled for the detention of the property are $742.27, and he directs judgment accordingly.

In considering the only questions of any importance raised on this appeal, it is material to notice, that the referee has awarded the possession of the property to the plaintiffs, and interest only on its value from the time of the taking, as damages for the detention; and as an alternative, in case the possession cannot be had, he awards to the plaintiff only the value at the time of the conversion by the defendants, with interest thereon.

The appellants have wholly mistaken the extent of the jurisdiction of this court when they call upon us to entertain and consider their argument, that the referee's finding of facts was clearly against the weight of the evidence in respect to the value of the boat, because ten witnesses were sworn whose testimony was favorable to the defendants, and stood opposed to five witnesses who were sworn for the plaintiff. Whether the argument submitted ought to have induced the court below to grant a new trial or not, we have no authority to entertain the question here.

The same observations apply to the claim, that the damages are excessive, there being a very marked conflict of testimony on that subject. It is, however, proper to say, by damages is meant his finding of the value of the property, that if

damages for detention are meant, the referee has given interest only on the value as damages for the detention.

The objection, that the referee erred in refusing to permit the defendants to show that they offered to return one of the boats to Cushman, who had charge of the boats when taken, is disposed of by the suggestion, that, after a wrongful taking and carrying away of the property, the cause of action was complete, and a mere offer to return the property is no defense either full or partial, and the rejection of the evidence was, therefore, proper. (*Harmon* v. *Wilsey*, 17 Wend. 91; *Otis* v. *Jones*, 21 id. 394.) To this may be added, the offer was not in terms to show an offer to return before this suit was brought, and no possible reason can be assigned for admitting evidence of such an offer after the action was commenced.

Besides, the action was what was once called replevin, and the property was actually taken by the process in the action, and the defendants then put themselves on their claim of right, and actually procured a restoration of the property to their possession. Such an offer, unless it was an offer to submit to a judgment in favor of the plaintiff for the possession of the property, amounted to nothing.

The motion for a nonsuit as to all the defendants except one, to wit, Silliman, was properly denied. The attachments were in favor of all the defendants as partners; the justification set up in the answer is joint; the defendants have reclaimed the property and procured its return to them. Upon this state of the pleadings and proofs, and in the face of the finding of the referee as a fact in the cause, that the defendants wrongfully took the property, it cannot be claimed, that such a motion should have prevailed, apart from the general doctrine, that all the partners are liable for the acts of Silliman in the prosecution and maintenance of the claims of the firm and the collection thereof.

It is clear, also, that the finding of the referee that the respondents' intestate was the owner of the property, cannot be impeached as erroneous in law. The defendant in the attachment suits had a contract for the purchase of the

boats, but had no leviable interest therein. The earnings of the boats were to be paid over to the owner, and if and when the amount paid amounted to a sum agreed upon, then, and not until then, were the boats to be conveyed. The interest which Cushman, the defendant in the attachment, acquired by running the boats under this agreement, was at most only equitable; no legal title had passed out of the owner of the boats which could subject them to levy and sale for Cushman's debts.

Another question presented by the appellants arises on his exception to the reception of evidence to the value of the boats at or about the time of the trial, though taken six or seven years before. The evidence was apparently offered, and its admissibility is now insisted upon by the respondents, on the ground, that the highest value down to the time of the trial, was the measure of the plaintiff's recovery in case the possession could not be regained by the plaintiff by force of his judgment.

Under the provisions of our Code prescribing the judgment in actions to recover the possession of personal property (§ 277), and prescribing the verdict (§ 261) whereby the plaintiff is required to take judgment for the recovery of possession, or the value thereof in case a delivery cannot be had, and the jury, with a view to such judgment, are to assess the value, and then to assess the damages sustained by the detention; the value at the time of the trial is, in my judgment, the real subject of inquiry, and the proper subject of proof. That value is to be accepted as the substitute for the property itself, if the sheriff cannot deliver possession (§ 289, subd. 4), and should be the equivalent; while all damages, whether arising out of the loss of the use or depreciation, are compensated by the damages recovered for the detention. (See *Young* v. *Willett*, 8 Bosw. 486.)

But no such claim was made by the appellants on the trial; no such point was raised, and there is no exception to the report of the referee or to the judgment raising any such question. Probably it is not material to the appellants, for if the property had depreciated in value, the damages for

the unlawful detention were unquestionably greater than the referee has given ; and as the judgment is in the alternative, the defendants will, if able to produce the boats to the sheriff on the issuing of execution, relieve themselves from the payment of the value; and if they have disposed of the boats so that they cannot produce them, it is their own fault; while, on the other hand, if the property has increased in value, the defendants have the profit to themselves by paying the less value found by the referee, who, although he admitted the evidence, has not made it the ground of his decision ; he finds the value of the property at the time of the seizure, and that under this judgment the plaintiffs, if they cannot find the boats, will be compelled to accept, however much more valuable the boats were when the judgment was rendered.

But whether the value at the time of the unlawful taking is the value which the referee should have found, with damages for the detention, or the value at the time of the trial should have been found, with like damages, in either case evidence of the value at the time of the trial was admissible.

1. Suppose the value at the time of the taking should be found, and that be deemed the value intended by the statute; still the value at the time of the trial was in its nature competent evidence, because it bore directly on the question, what damages has the plaintiff sustained by the wrongful taking or detention? It was held in *Rowley* v. *Gibbs* (14 Johns. 385), that, in replevin, the decrease in the value of the goods, and interest upon the whole value, when the party was deprived of the possession, was to be allowed as damages for the detention under our former statute. The question of depreciation or no depreciation could only be determined by proof, first of the value at the time of the taking, and then proof of value at the time of the trial. (And see also *Suydam* v. *Jenkins*, 3 Sand. S. C. pp. 614, 619, 443.)

It is true, that, in this case, the plaintiff's proofs on the subject tended to prove, not depreciation, but appreciation, in value ; but the questions were, in their nature, proper, and, if

no erroneous use was made of the answers, there is nothing of which the defendants can complain. The referee, in his decision, did not charge the defendants with any depreciation, but only the value at the time of the taking, provided a return to the plaintiff's possession cannot be had.

2. Suppose, on the other hand, the value which should have been found was the value at the time of the trial, then clearly the evidence was admissible to prove it; and in that case testimony to the value, when unjustly taken, was also material, because, to ascertain the damages for the detention, that was a material element.

It is most palpable that no error was committed to the prejudice of the defendants. The statute regulating the verdict and the judgment for the return of the property, if a return can be had, and for the value, if it cannot be had, with damages in either case for the detention, assumes, that it may be in the power of the defendant to restore the property, or of the sheriff to find and restore it by means of the execution. And it is upon that assumption these provisions must be construed. If, in this case, the defendants have put the property out of their reach, or out of the reach of the sheriff, it is their own fault.

The statute intended, that the plaintiff should have the property or its equivalent. And the damages to be recovered for the detention are the same, whether the property be found to be returned or the value be collected instead.

Now, in this case, and under the direction of the referee, if the property largely appreciated in value before the trial, the defendants, if it cannot be found to be returned to the plaintiffs, enjoy all the profit resulting from the increase, and are only charged with the value, when taken, and interest thereon.

And, on the other hand, if the property had depreciated, the defendants have it in their power (unless by their further voluntary act they have deprived themselves of the power) to restore the property when the execution issues, and pay no damages for depreciation, but only the interest on the value when taken. And the plaintiffs, as the case might be,

only recover boats nearly worthless, and simply interest on the value when they were deprived of the possession. The value itself, in that case, they recover in no form.

No exception was taken by either party to the conclusions of the referee in this respect, and they are not here discussed for any purpose except to show that the questions put to the witnesses were not improper, and that in no aspect of the case was there any error of which the defendants can complain on this appeal.

The judgment should, I think, be affirmed

Judgment affirmed.