FRANCIS F. ALLEN, Appellant, *v.* HARVEY FOX, Respondent.

In an action to recover the possession of personal property, where the property has a usable value, the value of its use, during the time of the detention, is a proper item of damages. (The case of *Twinam* v. *Swart*, 4 Lansing, 263, limited.)

(Argued January 14, 1873; decided March term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial district, entered upon an order denying a motion made for a new trial, and directing judgment in favor of defendant, upon a verdict.

This action was brought to recover the possession of a horse. The horse had been taken in the action, and delivered to the plaintiff and retained by him to the time of the trial. There was conflicting evidence as to the title of the horse, but the jury found the title to be in the defendant, and assessed its value at $175, and damages for its detention by the plaintiff at seventy-five dollars. The defendant, for the purpose of proving his damages for the detention, gave evidence of the value of the use of the horse. The plaintiff objected to this evidence, claiming that the value of the use was not the proper measure or rule of damage. This objection being overruled, raised the only question considered upon this appeal. Exceptions were ordered to be heard at first instance at General Term.

*G. N. Kennedy* for the appellant. Defendant was not entitled to judgment for the value of the horse, or damages for the detention thereof. (Code, § 261.) The value of the

use of the horse was not the measure of damages. (*Twinam*
v. *Swart*, 4 Lans., 263.)

*D. Pratt* for the respondent. The value of the use of the
horse, during its detention, is a proper item of damages.
(Code, §§ 261, 277; *Brewster* v. *Silliman*, 38 N. Y., 429;
*Rowley* v. *Gibbs*, 14 J. R., 385; *Young* v. *Willet*, 8 Bosw.,
486; *Suydam* v. *Jenkins*, 3 Sand. S. C. R., 614, 620, 621; 15
Pick., 178; *Fitch* v. *Dakin*, 20 Wend., 172; *Dorsey* v. *Cas-
saway*, 2 H. & J., 413; *Clapp* v. *Walter*, 2 Texas, 130;
*Butler* v. *Vehring*, 15 Ill., 488; *Banks* v. *Hollon*, 1 N. &
McC., 221; *Ferhwick* v. *Sewall*, 4 H. & J., 393; 2 id., 413;
2 Dixon, 130; *McGavock* v. *Chamberlin*, 20 Ill., 219; *Grif-
fin* v. *Culver*, 16 N. Y., 489; *Blanchard* v. *Ely*, 21 Wend.,
342.) Plaintiff has no right to elect to take judgment for the
value of the property, but is entitled only to a judgment in
the alternative. (*Fitzburgh* v. *Wiman*, 9 N. Y., 559; *Dwight*
v. *Enos*, id., 470.)

EARL, C. The proper rule of damages to be applied to
cases, as they arise in the courts, has always been a fruitful
subject of discussion and difference among judges and jurists.
In actions of tort the aim of the law is to give the injured
party a full indemnity and no more, unless the injury has
been willful or malicious. Remote, contingent and uncer-
tain damages are excluded, but it is not always easy to deter-
mine what damages ought to be classified as such. It has
been the aim of the courts to lay down rules upon the sub-
ject, which shall be general, certain and practicable. But it
is scarcely possible to lay down any general rule that does
not call for exceptions. In actions of trover, in cases where
there has been no increase in the value of the property con-
verted intermediate the conversion and the time of the trial,
the measure of damages is the value at the time of the
conversion, and interest thereon to the time of the trial, and
it would have to be a very special case that would authorize
greater damages. The claim here is, that the same rule

applies in an action of replevin, and I shall endeavor to show that it does not apply in all cases, and that this case is one of a class to which it cannot be applied.

The very nature of the two kinds of action shows that the same rule of damages should not be inflexibly applied in each.

In the action of trover, the plaintiff does not seek to recover his property, but its value as a substitute for the property. He abandons the property to the defendant, preferring to pursue him for its value. He makes a kind of forced sale of it, without any expectation or intention of retaking it. Hence, in such cases, he can be expected at once to go into the market and supply himself with the same property at its market value if he desires it. But in the action of replevin, the plaintiff seeks to recover the property, and is in all stages of the case to final judgment in pursuit of that, and not its value. And during the whole time the defendant may have the possession and the use (if it can be used) of his property. At the termination of the suit it is not optional with him to take the property or its value. If the defendant has the property, and will permit him to take it, he is obliged to take it. (Code, § 277; *Dwight* v. *Enos*, 9 N. Y., 470; *Fitzhugh* v. *Wiman*, 9 id., 559.) Hence the plaintiff cannot always be expected or required, in such cases, to go into the market and supply himself with the same kind of property at its market value. Suppose the controversy be about a canal boat or a carriage, or an expensive machine. If the plaintiff should go into market and buy another, at the end of the litigation, in case of success, he would have on hand duplicates of the article, and would thus be subjected to further loss and inconvenience. These observations are made simply to show that there is nothing in the nature of the two actions requiring the application of the same rule of damages.

In the action of replevin, under the Code, the jury are required to assess the value of the property, and damages for its detention. The value here intended is the value at the time of the trial. In case the prevailing party can obtain a delivery of the property, he must take it as it then is; if he cannot obtain such

delivery, then the value is intended as a substitute and precise equivalent of the property. The damages for detention are the same, whether the party recover the property or its value. Now, suppose the property has been badly depreciated, intermediate the wrongful taking and the trial, still the prevailing party is obliged to take it if he can obtain it, and he is indemnified for the depreciation by the damages assessed to him. But he recovers the same damages if he cannot obtain the property and is obliged to take its value, and then if the value has been assessed as it existed at the time of the taking, before the depreciation, it is clear that he gets more than an indemnity. Hence there is no way of administering this law, except by holding that the value required to be assessed by the jury means the value at the time of the trial. (*Young* v. *Willet*, 8 Bosw., 486; *Brewster* v. *Silliman*, 38 N. Y., 423, 429.)

With this rule in view, what should be the measure of damages for the detention? In many cases interest on the value from the time of the wrongful taking would be a proper measure. It would be generally in all cases where the property detained was merchandise kept for sale, grain and all other articles of property useful only for sale or consumption. In such cases, if the owner recover the interest on the value of his property from the time he was deprived of it, he will generally have a complete indemnity unless the property has depreciated in value, in which case the depreciation must be added to the interest on the value, taken as it was before the depreciation, and the two items will furnish the amount of the damage. This damage, together with the property or its value at the time of the trial, will give the owner as complete indemnity as the law is generally able to give any person seeking redress for a wrong. But the same measure of damages would not generally furnish the owner an indemnity in case the property claimed had a value for use, or, in other words, a usable value, such as horses, cows, carriages and boats. In such case the direct damage which the owner suffers is the loss of the use, and the value of the use

should be the measure of damage. There may be cases in which greater damage would be proper for exceptional reasons growing out of the manner in which the wrong-doer has used and treated the property while in his possession. Suppose the plaintiff had taken defendant's boat, worth $2,000, and kept it a whole year before it was ordered, as the result of the action, to be returned to the defendant, would the interest be a fair compensation to the defendant for the loss of the use of his boat? Instead of a boat, suppose it had been a carriage, worth $1,000, would the interest be a sufficient allowance for the use of the carriage a whole year? The same supposition may be made as to any article of personal property having a usable value. There would be very few cases where the interest would give the owner a fair or adequate indemnity, and thus two of the fundamental rules of damages would be violated: The owner would not be completely or fully indemnified for the loss of the use of his property, and the wrong-doer who had had the use of it would make a profit out of his own wrong, which the law does not tolerate. This case illustrates the injustice of the rule contended for by the plaintiff as well as any. The jury found the value of the horse to be $175 and the value of the use to be seventy-five dollars for one year and three months. For the same period the interest would have been $15.31, and if that had been taken as the measure of damages, the owner would have lost about sixty dollars and the wrong-doer would have made that much profit out of his wrong. A rule of damage which works out such a result cannot have a basis of principle or justice to stand upon. But one case has been brought to my attention which is apparently in conflict with the rule, as I claim it to be, and that is the case of *Twinam* v. *Swart* (4 Lansing, 263), an action of replevin for a horse. Much of what the learned judge who wrote the opinion of the court says upon the subject of damages is in conflict with the views above expressed, and yet the case was probably decided right, as there the judge at the circuit laid down the rule that the owner should recover the actual

damages for the detention and *the use of the horse besides,* and in this clearly erred. In *Brizsee* v. *Maybee* (21 Wend., 144), the action was replevin to recover 200 saw logs, and it was held that the damage for the detention was interest on the value. In *Suydam* v. *Jenkins* (3 Sand. S. C. R., 614), the action was to recover 500 barrels of flour, and substantially the same rule was laid down. In neither case did the property have any usable value, and hence they are not in conflict with the views above expressed. In *Rowley* v. *Gibbs* (14 Johns., 385) and *Young* v. *Willet* (8 Bosw., 486), the actions were replevin to recover articles of merchandise, and it was held that the owner in each case could recover as damages for the detention the interest on the value, as well as the depreciation of the merchandise. In *Brewster* v. *Silliman* (38 N. Y., 423) the action was to recover the possession of two canal boats. The defendants caused them to be seized by virtue of an attachment. The plaintiff replevied them, and the defendants gave the requisite undertaking, and procured a return of the property to them, and they retained it over six years, until the trial, when the referee found the title of the property in the plaintiff and gave judgment for its return to him, and awarded to him only the interest on the value for his damages for the detention during the whole time. The defendants appealed, and the measure of damages was in no way involved in the case on the appeal. The owner was deprived of his boats for six years, and at the end of that time was obliged to take them back with only the interest on their value for their use. The wrong-doers in that case certainly profited largely by their wrong, and no case could more strikingly illustrate the absurd injustice which could be worked out by the rule contended for by the plaintiff in this case.

I have found no case, unless it be the case in 4 Lansing, where it has been held that the value of the use may not be recovered as damages for the detention in case the property has (what I have for brevity called) a usable value. That it could be was held in *Clapp* v. *Walter* (2 Texas, 130);

*Darbey* v. *Cassaway* (2 Harris & J., 413); *Butler* v. *Nehring* (15 Ill., 488); *McGavick* v. *Chamberlain* (20 id., 219).

It follows that the rule of damages adopted below was right, and that the judgment must be affirmed with costs.

All concur.

Judgment affirmed.