By the Court.—Curtis, J.
The action is bought to recover the possession of personal property, levied on by the defendant O’Brien, as sheriff, under an execution against Henry F. Bepper at the suit of the defendants De Long and Hash, on or about Hovember 1, 1869. ' At the trial the complaint was dismissed as tó the defendants De Long and Hash, and a verdict was rendered against the defendant O’Brien, the sheriff, for $1900, for which amount, with costs, judgment was entered, and from which, as well as from the order denying his motion for a new trial on the minutes, he appeals.'
It appeared at the trial that Frederick Bepper, the father of the execution debtor, executed a bill of sale to the plaintiff, May 2, 1866, of the property in the business carried on by the plaintiff. That he then delivered possession of it to the plaintiff, who thenceforward conducted the business up to the time of the levy by the sheriff.
The defendant O’Brien at the trial, upon the cross-examination of Frederick Bepper, elicited from him a denial that he had at an interview with De Long in 1869, one of the plaintiffs in the executions said to De Long, that his son, the execution debtor, was keeping the place of business; that he wanted to buy goods ; that he had established him in business, and that if they let him have goods he would pay for them. In order to show a contrary statement to De Long, the defendant offered to prove by De Long that Frederick Bepper stated to the plaintiffs in the execution that he had sold the place in Houston Street to his son; that his son was responsible, and that upon that statement the plaintiffs in the execution sold the goods upon which judgment was recovered.
The-counsel for the plaintiff objected to the evidence. The court sustained the objection and excluded the testimony, and the defendant O’Brien duly excepted.
*541 It was contended upon the argument that the court erred in excluding this testimony.
It is well settled that if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question, but it is conclusive against him (1 Greerileaf's Bk. § 449). What this witness had said about his son Henry’s business or responsibility was foreign to the issue raised in regard to the plaintiff’s title to the personal property in question. It also appears that the testimony offered and excluded does not contradict the answer of the witness on his cross-examination. There was no error in excluding the testimony offered, nor was there error in excluding the statements to third parties of the execution debtor, Henry Hepper, and of other members of his family, as to the ownership of the property. There would be little security for property, if statements of this nature by the third parties were allowed in evidence to affect the title.
The defendant insists that by allowing the sale to go on without making claim to the property, the plaintiff was estopped from afterwards claiming it. The suit for the recovery of the property was commenced by the plaintiff within three or four days after the levy. There was conflicting evidence as to whether the plaintiff made any declaration that he did not own the property at the sale, and it was properly submitted to the jury.
The court in charging the jury limited them to the consideration of the evidence, so far as related to invalidating the plaintiff’s title to the declarations of the plaintiff testified to by four witnesses. The only testimony material or relevant affecting adversely the plaintiff’ s title were these alleged declarations by plaintiff which were denied by testimony on his part. The conflicting testimony was classified and discussed by the court, and properly presented to the jury for their consideration.
*542 There is an exception in the case to the refusal of the court to charge the jury that they were limited in their verdict as to the value of the property to the amount claimed in the complaint. They returned a verdict assessing the value of the property at $400 in excess of that stated in the complaint.
The Code, section 261, requires in an action of this nature that the jury, if they find for the plaintiff, shall assess the value of the property. That value is to be accepted as the substitute for the property itself where the sheriff cannot give possession, and with that in view the real subject of inquiry for the jury is the value of the property at the time of the trial (Brewster v. Silliman, 38 N. Y. 423). The value at the time of the levy alone was given in proof at the trial of the present action.
•The jury have assessed the value of the property at a greater amount than that alleged in the complaint. The rule in regard to the pecuniary compensation for a wrong is that it shall not be in excess of the plaintiff’s claim or allegation in that behalf in the complaint. At the time of the commencement of this action, the plaintiff in a complaint duly verified claimed that the value of the property was $1500, as he believed. On the trial he did not ask to have his complaint amended by increasing this amount. The only issue raised by the pleadings in respect to value was whether the property was worth as much as claimed by the plaintiff. The defendant was not called upon to meet at the trial a claim for a sum greater than the value of the property as alleged in the complaint, and damages for its detention.
The jury, for some reason not apparent, do not appear to have awarded damages for the detention of the property, the measure of which would ordinarily be the interest on the value of the property withheld up to the time of the trial.
There appears to be no reason why the. jury, upon *543 the assessment of the value of the property, should not "be governed by the same principles by which they are ■controlled in assessing damages. They should not go beyond the pleadings and the issue in the amount they assess. Otherwise a defendant cannot know what he is to meet, and it is but just that he should not be mulcted in a larger sum than the plaintiff claims in his complaint, or than he had any idea or notice of before he went to trial.
A different view than this would be liable to work injustice, and to defeat one of the objects sought to be gained by the Code in respect to having the complaint apprize the defendant precisely of the nature and extent of the plaintiff’s demand against him.
Under the former system of pleading, the courts benignantly protected the defendant in this respect, and would set aside a judgment entered by the clerk upon a verdict rendered in excess of the damages laid in the declaration (Barber v. Rose, 5 Hill, 76 ; Fish v. Dodge, 4 Denio, 318 ; Curtis v. Lawrence, 17 John. 111). It is in conflict with the meaning of the term “assess,” significantly shown by its derivation that it can be applied to the action of a jury awarding more than the plaintiff demands for his compensation.
The complaint as to the defendants De Long and Hash was properly dismissed. There was no evidence that they had in fact or in law the possession or control of the property claimed. This is. necessary to sustain the action under the Code for the “claim and delivery of personal property” (Roberts v. Randel, 3 Sandf. 707).
The judgment in their favor appealed from by the plaintiff should be affirmed, with costs. As regards the judgment in plaintiff’s favor appealed from by the defendant James O’Brien, sheriff, it should be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff shall within ten days *544 stipulate to and reduce the judgment four hundred dollars, as of the day of its rendition; and if so reduced, it should then Toe affirmed as modified, without costs to either party.
Babboub, Ch. J., and Van Yobst, J., concurred.