MARY COOK, ADMINISTRATRIX, ETC., RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Action to recover damages for negligent killing — right of jury to allow interest — Chapter 450 of 1847 — chapter 256 of 1849 — chapter 78 of 1870.*

Although, in actions brought under the act of 1847, as amended by the act of 1849, authorizing the maintenance of actions to recover damages occurring by the death of any person by means of the negligence of the defendant, the jury, in rendering the verdict, may take into account the time that has elapsed since the death as affecting the amount of the damages, yet they cannot agree upon a certain sum as damages and add to it the interest thereon from the time of the death to the time of the rendition of the verdict.

Chapter 78 of 1870 does not affect actions brought before, though pending at the time of, its enactment.

APPEAL from a judgment in favor of the plaintiff on a verdict rendered at the Erie Circuit.

Action under the statute (Laws of 1847, chap. 450) to recover damages caused by the alleged negligence of defendant, resulting in the death of the plaintiff's intestate. The injury occurred on the defendant's railroad, at a street crossing in the city of Buffalo, on the 17th of September, 1864. The intestate died the same day. The action was brought in June, 1865, and has been tried four times. On the last trial the jury rendered a verdict for the sum of $3,000, and interest thereon from 17th September, 1864, amounting in the aggregate to $5,354.86, and judgment was entered for that sum, besides costs.

*A. P. Laning*, for the appellant.

*J. C. Strong*, for the respondent.

SMITH, J.:

The principal question in this case is, whether that portion of the verdict which was given by the jury as interest can be sustained. The act of 1847, which gave a right of action in cases of this nature, provided that the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from

the death, to the wife and next of kin. The amount was not limited. In 1849 the act was amended by providing that the amount of damages should not exceed $5,000. (Laws 1849, chap. 256.) In 1870 it was further amended by enacting that the amount of damages recovered in any such action shall draw interest from the time of the death of such deceased person, which interest shall be added to the verdict and inserted in the entry of judgment.

The present action was commenced prior to the passage of the act of 1870, and was pending at that time, and consequently is not within its provisions. That act, by its express terms, did not affect any suit " theretofore " commenced. The word " theretofore," as used in it, related to the date of the amendment and not of the original act of which the amendment was made a part. (*Ely* v. *Holton*, 15 N. Y., 595.)

But at the trial now under review the case seems to have been disposed of, as if it were governed by the amendment of 1870. The judge instructed the jury that their verdict, if for the plaintiff, should be in such sum as in their judgment would compensate the widow and next of kin for their pecuniary loss and damage, without adding any interest to it, and he remarked, as a reason for the instruction, that the law requires the court to add the interest from the date of the death of the deceased. Neither party excepted to that part of the charge. It is apparent that the judge had reference to the provisions of the act of 1870, and was under the impression that they were applicable to the case, and it is to be inferred that his intention was not called to the fact that the suit was commenced before that act was passed.

If the jury had followed the instruction I should be inclined to hold that the parties were bound by it, they having acquiesced in it and thus made it the rule of damages for this case. But the jury did not follow it. They found first a specific sum, and to that they added interest from the day of the death and rendered a verdict for the aggregate. Their finding, so far as the interest is concerned, is contrary to the instruction, and is not authorized by the act of 1870 or that of 1847. Doubtless, under the act of 1847, the jury might have considered the time that had elapsed subsequently to the death of the plaintiff's intestate, so far as it affected the amount of damages, but they could not properly give interest as such upon the

sum fixed as damages. Interest may be allowed by a jury in certain actions sounding in tort, where the amount of damages is determinable by some definite standard, as in trover (*Hyde* v. *Stone*, 7 Wend., 354), trespass *de bonis asportatis* (*Beals* v. *Guernsey*, 8 Johns., 446) or replevin (*Rowley* v. *Gibbs*, 14 Johns., 385). In those cases the value of the property in controversy is the measure of damages. But in actions where the damages rest in the discretion of the jury, interest as such upon the damages cannot be recovered.

I think, therefore, that the allowance of interest by the jury cannot be sustained, and that we can only affirm the verdict to the extent of the $3,000 damages. It is possible the jury would have fixed the damages at a larger sum if they had not supposed they could add interest. We cannot speculate on what they would have done but for such supposition on their part, and all the relief we can grant is to affirm the judgment for damages at $3,000, if the plaintiff elects to reduce it to that sum, or if he does not so elect to grant a new trial Some other points were argued by the appellant's counsel, but they seem to be devoid of merit.

Judgment reversed and new trial granted, costs to abide event, unless plaintiff will stipulate to reduce the damages to $3,000, in which case judgment so reduced affirmed, with costs.

MULLIN, P. J., and TALCOTT, J., concurred.

Ordered accordingly.