Per Curiam.
The verdict was recovered in an action for the claim and delivery of personal property.
It was general, and in these words : the jury say they “find a verdict for the plaintiff, and assess the value of the goods when taken at the sum of $3,090.90 and the depreciation of the goods, since taken, at the sum of $650.50.”
No objection was made at the time by either party to the form of the verdict.
Complaint is now, however, made on the behalf of the defendant, as to the form of the judgment entered up. It recites that the jury found for the plaintiff, and assessed the value of the property “ described in the complaint,” &c., and it adjudges that the plaintiff recover possession of all the personal property “described in the complaint,” &c.
*55 It is true that the verdict does not say that the jury find for the plaintiff, that he is entitled to the property “ described in the complaint.” The finding, as already stated, is general, and such finding is allowed in an action of this character (Code, § 1187). The verdict has none of the qualities of a special verdict. The verdict is, in form, correct (Young v. Willet, 8 Bosw. 486 ; Phillips v. Melville, 10 Hun, 211).
A general verdict settles in favor of the prevailing party every question of fact. The question as to the quantity of goods taken by the defendant was in dispute. The plaintiff offered evidence showing that the complaint truly stated the amount. The defendant offered evidence to the contrary. The finding of the jury in the plaintiff’s favor for the goods taken, must be construed to be the quantity claimed by the plaintiff, and the value assessed upon that basis. If there was any doubt upon the subject, a point should have been made, when the verdict was received, and when it was not too late to have had it corrected. Every presumption is in favor of the regularity of the verdict, and that it found in the plaintiff’s favor the amount of goods claimed by him, as well as its value.
It is no objection to the judgment that it is in the alternative,—that is, that in the event the goods cannot be recovered, and delivered, the plaintiff recover his damages (Code § 1730).
The order appealed from is affirmed, with costs and disbursements.