THE CORN EXCHANGE NATIONAL BANK OF CHICAGO, RESPONDENT, *v.* ALPHONSO W. BLYE, AS RECEIVER OF THE MIDDLETOWN NATIONAL BANK OF MIDDLETOWN, NEW YORK, APPELLANT.

*Replevin — second action to recover damages for the detention pending an appeal in the replevin suit — Code of Civil Procedure, secs. 1722–1691 — measure of damages.*

The judgment in an action of replevin only determines the title to the chattels, and after a judgment in the trial court no damages, for future detention pending an appeal, can be included therein.

The detention after the trial is a new offense, and, under sections 1722 and 1691 of the Code of Civil Procedure, a claimant may treat such additional detention as constituting a new cause of action.

The value of the use of the chattels during the time of the illegal detention is the proper measure of damage in the case of the replevin of a personal chattel where it has a usable value.

APPEAL by the defendant Alphonso W. Blye, as receiver, from a judgment of November 2, 1889, granted at a Special Term held in Kings county, overruling a demurrer interposed by the defendant

to the amended complaint and directing judgment in favor of the plaintiff for its damages, and also from a decision of such Special Term overruling the demurrer and directing judgment.

*William Vanamee*, for the appellant.

*L. A. Gould*, for the respondent.

BARNARD, P. J.:

The action was brought to obtain possession of a chattel by the owner against one who, without right, claimed possession thereof. The plaintiff, in 1885, recovered a judgment, finding the title and the right to immediate possession to be in the plaintiff. The judgment, as required by law, fixed the then value of the property, so that if the plaintiff could not have the specific property the value might be collected in lieu thereof. It was then competent for the wrong-doer to return the property, but he did not do so. An appeal was brought by him to the Court of Appeals, where it was heard and decided in 1889, some four years after the trial and judgment. Pending this appeal the property fell in value nearly or quite $20,000. The defendant, upon the affirmance of the judgment, released the identical property, as he was permitted by the judgment appealed from and affirmed by the Court of Appeals. The question presented by the demurrer is, whether an action will lie, for the depreciation, by the owner against the claimant. The judgment only settled the title. The plaintiff owned the chattel, both before and after the judgment of the trial court. No damages for the future detention could be included in the judgment; and if the appeal continued an unlawful possession without remedy, the plaintiff will not have any complete remedy for the invasion of his property rights. The cases cited that an action for damages for a wrong cannot be split up do not seem to apply to a case like this. If the action had been one for a conversion only, where the judgment would make a complete restitution in damages, no action would lie for a further increase in value of the property pending appeal. The judgment and interest upon it would be collectible at all events. The result is not so in this action. If the contest had been about a package of bank bills, no judgment in replevin could include the interest based upon a prospective appeal, nor a depreciation pending such appeal.

This action must be supported or a wrong will go unredressed. Section 1722 of the Code was designed to give this remedy. It provides that when depreciation in value happens while the chattel is in possession of the defendant, the plaintiff can have an action for the depreciation if it happened under such circumstances that the plaintiff might recover of the defendant for the injury or depreciation. For the damages up to the trial he has recovered. The detention after the trial is a new offense and wholly without remedy unless the plaintiff can treat the additional detention as a new cause of action under this section and also under section 1691 of the Code, which reserves the right of action, of a defeated plaintiff in replevin, to recover damages for the detention unless the judgment was given against him on the merits. The value of the use during the time of the illegal detention is the proper measure of damages in replevin of a personal chattel when it has a usable value. (*Allen* v. *Fox*, 51 N. Y., 562.) This case referred to a horse. How could the usable value of the horse be recovered unless by this action.

The judgment sustaining the complaint should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Judgment overruling demurrer to complaint affirmed, with costs.