(21 App. Div. 253.)

### KELLY v. MESIER et al.

(Supreme Court, Appellate Division, Second Department. October 26, 1897.)

CONVERSION—DAMAGES—RETURN OF PROPERTY.

When a wrongful conversion of property is complete, the owner acquires a vested right to recover its value from the person guilty of the conversion; and the latter cannot, without the owner's assent, return the property converted, either to defeat the owner's action, or to mitigate damages.

On motion for reargument. Denied.

For *former report,* see 46 N. Y. Supp. 51.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William L. Mathot, for the motion.

Charles Benner, opposed.

PER CURIAM. The point on which the appellants sought to reverse the judgment, and which they complain was not noticed in the opinion delivered by the court, is too plainly untenable to require extended discussion. When the original defendant, for whom the present appellants have been substituted, assumed to sell the plaintiff's property without authority, the conversion was complete, and the plaintiff had a right to insist on being paid for the value of the property converted. Hanmer v. Wilsey, 17 Wend. 91; Otis v. Jones, 21 Wend. 394; Brewster v. Silliman, 38 N. Y. 423. After the conversion the defendant could not, without the assent of the plaintiff, return the property converted, either to defeat the plaintiff's action, or to mitigate the damages. The plaintiff could stand on her vested right to recover the value of the property. When the appellants shall have paid the judgment herein, the title to the property will, by operation of law, vest in them.

Motion denied, with $10 costs.