(56 Misc. Rep. 445.)

PABST BREWING CO. v. RAPID SAFETY FILTER CO. et al.

(Supreme Court, Appellate Term.  November 29, 1907.)

1. REPLEVIN—VERDICT—FINDING OF VALUE OF PROPERTY—CONCLUSIVENESS.
   Code Civ. Proc. § 1726, provides that the verdict in replevin must fix the damages, if any, of the prevailing party, and where it awards a chattel which has been replevied and afterwards delivered by the sheriff to the unsuccessful party, the verdict, except in certain instances, must fix the value of the chattel at the time of the trial. *Held*, that where, in such a case, the jury fixed the value of the chattel at $1,000, it would be conclusively presumed that such was its value at the time of the trial.

2. SAME—JUDGMENT—PERFORMANCE—SURRENDER OF CHATTEL.
   Where, in replevin to recover an automobile of the value of $1,000, plaintiff replevied it and retained possession to the time of the trial, and, the jury having found for defendant and assessed the value of the automobile at $1,000, judgment was entered that defendant recover possession, and, if possession was not surrendered, that it recover the value as found, plaintiff's tender of the automobile in the condition it was in at the time of the trial constituted full satisfaction of the judgment, regardless of any depreciation in value intermediate the wrongful taking and the trial.

3. SAME—DETENTION—DAMAGES.
   Code Civ. Proc. § 1722, provides that, where plaintiff recovers a chattel which was injured or otherwise depreciated in value while in defendant's possession under such circumstances that plaintiff might recover damages for the injury or depreciation in an action brought against the defendant therefor, it may recover the same damages in a replevin action. *Held*, that damages for the detention of a chattel recoverable in replevin include loss arising from depreciation in value during the period of its detention, and are therefore recoverable only in the replevin action.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 305.]

4. JUDGMENT—RES JUDICATA.
   In replevin, a verdict for defendant fixed the value of the chattel at the time of the trial at the same amount claimed as the value at the time it was replevied, and the judgment directed a return or payment of such value. *Held*, that the verdict carried a finding that there was no depreciation in value between the replevin and the trial, and the judgment was

therefore res judicata against defendant's claim for such alleged depreciation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 1256.]

Appeal from Special Term.

Action of replevin by the Pabst Brewing Company against the Rapid Safety Filter Company and another, in which defendant Rapid Safety Filter Company recovered judgment for possession of the property replevied by plaintiff. 54 Misc. Rep. 305, 105 N. Y. Supp. 962. From an ·order of the New York City Court directing said defendant to execute and deliver to plaintiff a certificate of satisfaction of the judgment, and in default thereof that the clerk of the court satisfy the same, said defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Myron H. Oppenheim (Louis J. Vorhaus and Joseph Fischer, of counsel), for appellant.

Mayer & Gilbert (A. S. Gilbert, of counsel), for respondent.

ERLANGER, J. This action was brought about May 20, 1904, to recover the possession of an automobile delivery wagon, or for the sum of $1,000 in case possession thereof could not be given to the plaintiff, and for the sum of $1,000 damages; the plaintiff alleging that the defendant the Rapid Safety Filter Company wrongfully gave possession of the said automobile to its codefendant, the Mobile Storage & Repair Company, for the purpose of being repaired. Plaintiff also alleged that the wagon was of the value of $1,000, but by reason of the wrongful detention by the defendant it depreciated in value to the extent of $1,000. The answer denied the material allegations of the complaint. After the commencement of the action plaintiff replevied the wagon, which remained in its possession down to the time of the trial. The case was tried on the 1st of April, 1907, and the jury found a verdict in favor of the defendant the Rapid Safety Filter Company, awarding to it possession of the chattel, and assessed its value at $1,000. The judgment entered adjudged that the said defendant recover from the plaintiff the possession of the chattel described in the complaint, and that in case possession of the said property is not delivered to the said defendant it recover from the plaintiff the sum of $1,000, the value of the said chattel as found by the jury. On the entry of the judgment plaintiff paid the costs and served upon the defendant the Rapid Safety Filter Company a notice to the effect:

"Please let me know where you desire this chattel delivered. In the event of your failure to advise us, * * * we will store the same at your expense and risk, and subject to your order."

No execution having been issued, plaintiff placed the wagon in a storage warehouse subject to the order of the said defendant, and, as it claims, delivered the storage receipt to defendant's attorney. The defendant refusing to give a certificate of the satisfaction of the judgment, a motion was made to compel its execution, in order that

the judgment might be satisfied of record. In opposition to the motion the filter company contended that on May 7, 1907, it inspected the wagon and found that there were missing one lamp, one complete set of batteries, four battery trays, two lamp brackets, one gong, one brake shoe, one electric controller, one controller lever, one starting switch, and considerable portions of the wiring which were present when the machine was replevied, and that the paint and varnish were scratched, marred, and defaced, and the vehicle in other respects injured, so that its value was not greater than $100. The court below granted the motion, and from that order this appeal was taken.

Whatever conflict there may be in the affidavits concerning the alleged depreciation in value of the chattel in suit intermediate its replevin by the plaintiff and the trial, it is clear that the chattel was in the same condition at the time of its tender to the defendant the Rapid Safety Filter Company pursuant to the commands of the judgment as it was at the time of the trial. In an action of replevin the verdict must fix the damages, if any, of the prevailing party, and, where it awards to the prevailing party a chattel which has been replevied and afterwards delivered by the sheriff to the unsuccessful party, the verdict must also (except in cases not material to this question) fix the value of the chattel at the time of the trial. Section 1726, Code Civ. Proc. The jury having fixed the value of the chattel at $1,000, it is conclusively presumed that such was its value at the time of the trial. Allen v. Fox, 51 N. Y. 562, at page 564, 10 Am. Rep. 641. We are therefore concluded by the judgment as to the value of the chattel at that time.

Under the judgment the plaintiff had the alternative of either paying such value or surrendering the chattel. When the unsuccessful party in an action of replevin surrenders the chattel described in the judgment, he fully complies therewith. If there has been a depreciation in value while the chattel remained in the possession or under the control of the unsuccessful party, the prevailing party may recover damages for such injury or depreciation. Section 1722, Code Civ. Proc. If the property has depreciated "intermediate the wrongful taking and the trial, still the prevailing party is obliged to take it, if he can obtain it, and he is indemnified for the depreciation by the damages assessed to him." Allen v. Fox, 51 N. Y. 565, 10 Am. Rep. 641. Damages for detention includes loss arising from depreciation in value during the period of its detention. Brewster v. Silliman, 38 N. Y. 423. Damages to the chattel while in the possession of the officer acting under the replevin writ must be recovered in the action of replevin, and no action can be brought therefor subsequently, as the matter has become res adjudicata. Ritchie v. Talcott, 10 Misc. Rep. 412–414, 31 N. Y. Supp. 196.

The case of Kingsley v. Sauer, 17 Misc. Rep. 544, 41 N. Y. Supp. 248, cited by the appellant does not apply. In that case plaintiff recovered judgment for 7 tons and 180 cubic feet of hay, and the defendant used a portion of the hay and simply tendered the balance, which the plaintiff refused to accept. If this action had been brought for the recovery of two automobile wagons, and the defendant had

tendered one only, that case would have been more in point.  It is not claimed by the appellant in its opposing affidavits that at the time the action was brought and the chattel replevied it exceeded in value the sum of $1,000.  The jury having found that the value of the chattel at the time of the trial was $1,000, the verdict carries with it the finding that there was no depreciation in value intermediate the replevin of the chattel and the trial, and, the chattel being in the same condition at the time it was tendered to the prevailing party as at the time of trial, plaintiff complied with the directions of the judgment, and was entitled to the order which was made.

The order should be affirmed, with $10 costs and disbursements.

GILDERSLEEVE, J., concurs.  LEVENTRITT, J., taking no part.