Bissell, P. J.
This replevin suit is over a cow and the value of her use during the period of her detention by the appellant.
It was begun before a justice in December, 1896, and Stevens claimed to be the owner. The writ was executed, a redelivery bond given, and the question came on for hearing, before the justice. Stevens established title and got judgment for its alleged value and $200 damages.
The case was taken by appeal to the county court and tried in March, 1897, before a jury, and therein he had judgment for $75.00, and damages to the extent of $140. To reverse the judgment Smith prosecutes this appeal.
In some particulars the abstract is entirely adequate, and in others insufficient to enable us to do what might, be per *492 missible, if it should happen to show evidence on which we might be authorized to act. As the case is presented to us, we do not feel at liberty to do otherwise than reverse the judgment, and send it back for a further hearing. The only evidence which the abstract exhibits is the plaintiff’s testimony respecting his title, the extent of his possession, his management or abandonment of the cow, the subsequent demand, with his testimony concerning his title, and means and certainty of identification. This is probably enough to suggest the only question which is presented by counsel, and whereon the appeal must necessarily turn. Since we conclude this furnishes no basis on which to modify the judgment we shall proceed, stating only such facts as are requisite to this decision. We shall state the plaintiff’s case as he made it by his own evidence to show the error into which the court fell in the giving of a couple instructions which are complained of.
In 1891 Stevens owned a cow. He put her into a pasture belonging to another, under no apparent contract or for purposes other than her keep during his absence. He neither arranged for her use nor hire, and whether he made any contract with reference to the payment of her pasturage is left in doubt. At all events, all his evidence shows is that in 1891 he turned the cow out to pasture, she being then a heifer not quite two years old. He went to California and remained there from 1891 until he came back to Colorado Springs in the summer of 1895. He then learned the cow was in a herd owned or controlled by Smith, but he made no attempt to obtain possession, or demand it, or ascertain the circumstances under which Smith held it, or the title, if any, which he claimed, because he was busy erecting a house in that city. In the following winter he went out to the herd and demanded the cow, and stated to the foreman, if not to Smith, his ownership and claimed title, making a written demand. This was refused in January, 1896, his title being questioned, and he was put to proof of his ownership and his right to possession. There was some negotiation between *493 the parties in. regard to it, but it culminated in no agreement and Stevens finally commenced his suit in December of that year. On the trial of the case he gave testimony over the objection of defendant with reference to the value of the use of the cow. According to the inference we draw from his testimony and the deductions permissible from the arguments of counsel, we infer the evidence did not properly show the value of the use of the cow from 1891 down to the trial in the county court in 1897. What that testimony was, we do not know because the evidence is not laid before us. We are under no obligation to resort to the record to ascertain these facts since we have a right to rely on the abstract which the appellant furnishes, and if the appellee desires more it is his duty under the rules to present to us a statement of it. It may be, and probably is true, had the testimony been presented we could have reached no other conclusion than the one which we shall express. Ordinarily we do not feel at liberty to take the testimony which has been offered on the trial and pass on matters of fact which are peculiarly within the province of a jury to whom alone such questions must be submitted. With this suggestion we will state the real question as it is presented by the arguments of counsel and laid before us in the paper-books. At the conclusion of the trial the county judge instructed the jury. His instructions are not complained of except in two particulars. We find the court charged the jury that if they should find the defendant came into possession of the animal, they had a right to find the reasonable value of the use of the cow from the time she came into his possession to the present time, with a fair reasonable value for the increase which she might have had, and they were directed to assess damages for the detention from the time defendant got possession, if he knew it was an estray. If he did not know it was an estray, then the plaintiff could only recover fot the use of the cow from the date of the demand. We do not regard this question of estray as one of particular consequence under the record because there is nothing in it which shows whether the cow was or was not *494 an estray, neither is there anything to show that Smith took the animal up as an estray, or that he acquired any title otherwise than by the inclusion of the animal in the herd to which he had apparently acquired title and the right of possession. We are wholly unable to discover whether this question is at all in the case. Under these circumstances we must be excused from either considering or determining the rights of the parties under that theory of the law, or under the statutes referring to the right to animals who have strayed and who have come into the possession of a third person not the owner. What the proof may have been on the subject we do not know, nor can we ascertain whether Smith became subject to any liability therefrom. All we do know is, that under the terms and tenor of these two instructions the jury were at liberty to find the value of the use of the property from 1891 down to the day of the trial. As the case is presented this is manifestly an error. It is familiar law in replevin that the plaintiff can recover the value of the property and damages for its detention. These damages are ordinarily measured by the interest on the money value of the property taken by the writ, unless the property is of the sort which is brought by the decisions within an exception to this general doctrine. It has long been settled that where domestic animals like horses or cows which are designed for use and kept and used by the owner, have wrongfully come into the possession of another, the damages are not measurable solely and only by the interest on the money value which often times would not prove an adequate compensation for the injury. Cobbey on Replevin, §§887, 897; 3 Sutherland on Damages chap. 29; Allen v. Fox, 51 N. Y. 562; Johnson v. Bailey et al., 17 Colo. 59.
In the latter case, where this rule is conceded, the limitation which all the authorities seem to put on the doctrine is well expressed and established as the law in this state. This limitation is that damages for the detention of working animals may be recovered, and the value of the use proven where-ever it is made to appear that the owner intended to use the *495 animals, and by the detention had been deprived of their use. It is recognized by all the authorities, and we have only to determine whether this case is brought within the doctrine. We are unable to discover proof of facts which would make this an exceptional case and entitle the plaintiff to recover the value of the use as one of his elements of damages for the period apparently covered by the verdict. The damages found by the jury were $140. This must have been the value of the use during the entire period from 1891 to 1897, or at least the major portion of it. It is quite evident the plaintiff was not entitled to recover those damages for that use and for that period, because according to his own evidence he neither had the intention to use the animal for profit or for service, nor had he made any arrangement with reference to the use of the animal for profitable purposes. He left the state and left the cow in pasture, with no contract or arrangement for hire, use or profit. He was gone and remained out of the possession of the animal, made no attempt to make profit out of her, at least up to the time he made the demand in the early part of 1896. Under these circumstances he failed to show that the cow would have been of value to him, or that he intended to use her, and manifestly, would not be entitled to recover as a compensation what might be the value of her use during that period. It is quite possible, if the whole case as made by the evidence had been presented to us, we might have been able therefrom to gather what would have been this value from the time of the written demand up to the date of the recovery, and ascertaining this fact, we might have been able to reduce the amount of the recovery and affirm the judgment. We cannot gather the material requisite to the affirmance or the modification of the judgment. We are not advised whether the cow ever became an astray, where Smith got it, and whether he was chargeable as for an animal taken up in this irregular way, nor do we know when he got the cow, or under what circumstances or conditions, nor whether in a manner inhibited by statute, so as to make him liable for her use from *496 the date that he got it until the date of the trial. We are equally in the dark as to the value of the use from the time of the demand to the date of the trial. We cannot therefore modify the judgment in that particular. From what appears it is clear it was error to give the plaintiff damages based on user from the time that Smith got her to the date of the trial. This is an apparent error, and we know of no statute, nor are we referred to any by the appellee which would make Smith liable for such damages, even though his original taking may have been unlawful, and even though he may have failed to comply with the statute with reference to an es-tray. On any principle to which our attention has been called the instructions were erroneous. Ordinarily we refuse to reverse a judgment unless the record absolutely demonstrates the commission of an error, and we affirm a judgment unless the plaintiff shows that under no hypothesis, or we can conceive of no hypothesis, upon which the instruction could be justified. We have been unable in a brief examination of the statutes to discover any law with reference to estrays on which the instruction would be justifiable, and the appellee has referred us to none, and we therefore conclude that there is none on which the instruction can be sustained. It is so plainly evident the theory of the instruction with regard to the measure of damages is erroneous, viewed in the light of the plaintiff’s intention with reference to the use of the property, and his abandonment of it, that we feel compelled to reverse the case and send it back for a submission to the jury upon a correct instruction as to the proper measure of damages.
The judgment is accordingly reversed and remanded.

Reversed.