[No. 5608.]

[No. 2512 C. A.]

## SMITH V. STEVENS.

1. **Replevin—Expert Testimony—Use of Cow.**

   In an action of replevin to recover a cow and the value of her use, the question as to whether or not a milk cow, when kept and used in connection with the running of a hotel, is profitable, is not a question upon which the opinion of a hotel keeper as an expert witness should be received in evidence.

2. **Replevin—Measure of Damage—Use of Milk Cow.**

   In an action of replevin to recover a milk cow and the value of her use, where it was plaintiff's intention to use such milk cow in connection with the running of a hotel, and where the usable value of the cow exceeded the legal interest on her saleable value, the measure of plaintiff's damage was the value of the cow, if she could not be returned, together with her usable value from the time of demand for her return.

3. **Replevin—Measure of Damage—Value of Use.**

   In an action of replevin, where the value of the use of the property does not exceed the legal interest on the value of the property, the measure of damage is the value of the property,

if it cannot be returned, together with legal interest during the time it was in defendant's possession, and if the property is returned, its depreciation in value, if any, is also to be added as part of the damage.

*Appeal from the County Court of El Paso County: Hon. Robert L. Hubbard, Judge.*

Mr. H. McGarry, for appellant.

Messrs. McAllister & Gandy, for appellee.

Mr. Justice Bailey delivered the opinion of the court.

This replevin suit is over a cow and the value of her use during the period of her detention by the appellant. It was begun before a justice of the peace, in December, 1896. The writ was issued; a re-delivery bond given; and the question came on for hearing before the justice. Plaintiff, who is now the appellee, established title and obtained judgment for the alleged value of the animal and two hundred dollars damages. The case was taken, by appeal, to the county court, and tried in March, 1897, before a jury. Plaintiff again obtained judgment for seventy-five dollars and damages to the extent of one hundred and forty dollars. To reverse the judgment the appellant took the case to the court of appeals, where it was reversed at the January, 1900, term, the opinion being found in 14 Colo. App. 491. Because the evidence failed to show a purpose or intention on the part of the owner to use the animal, and because it appeared that damages were allowed from the time of the taking, instead of from the time of the demand for a return, the case was reversed.

The cause was again tried in the county court, in January, 1901, which resulted in a verdict for the plaintiff for the possession of the cow and damages in the sum of two hundred and twenty-five dol-

lars for her detention. The jury found the value of
the cow, at the date of trial, to be fifteen dollars.

It appears from the testimony that the plaintiff
in the case below, in the year 1891, left Colorado
Springs for California, and returned in 1895. When
he went away he left, in the care of one Dittemore,
a two-year-old Jersey heifer. Upon his return he
found the animal in defendant's possession. He
made a demand for her, was refused, and instituted
this action for her possession and damage for her
unlawful detention.

The evidence as to the value of the cow at the
time of the demand is conflicting; varying from forty
dollars, as stated by some of the witnesses for the
defense, to one hundred dollars, as fixed by some of
the plaintiff's witnesses. The evidence as to the
value of the use of the animal is also conflicting;
varying from twenty dollars per year, as testified to
by witnesses for defendant, to seventy-five cents or
a dollar per day, as testified to on behalf of the
plaintiff.

The appellant insists that the court erred in sus-
taining the objection to certain testimony sought to
be introduced upon the examination of witness Hime-
baugh. It appears that appellee was the proprietor
of the Alta Vista hotel, at Colorado Springs. He
testified that if he had secured possession of the
cow, he intended to use her for the purpose of sup-
plying the hotel with milk, and that she could be used
by him for that purpose to an advantage.

The witness Himebaugh was called as an expert,
for the purpose of testifying that he, too, was the
proprietor of a hotel; that the keeping of cows in
connection with the hotel was unprofitable; and that
in the operating of his hotel he did not keep cows.
This testimony was excluded by the court, and the
exclusion of the same was assigned as error.

Upon subjects of general knowledge, which are understood by men in general, and which the jury is presumed to be familiar with, witnesses must testify as to the facts alone; the jury must form the opinion; and the admission of the opinions of the, so-called, experts cannot be sustained upon the theory of any special knowledge or skill of the witness.

Another alleged error relied upon by the appellant is that the court adopted an improper measure of damages. The instruction complained of reads as follows:

"You are further instructed that if you find that the plaintiff was the owner, and was entitled to the possession of the cow in question, at the commencement of this action, and that said cow was in the possession of defendant, the plaintiff is entitled to recover from the defendant, first, the cow; second, either the value of the use of the cow from the date demand was made by the plaintiff on defendant to the date of trial, or legal interest on the value of the cow at the date of demand, up to the date of trial. And to determine what your verdict shall be as to whether plaintiff is entitled to recover the value of the use of the cow or legal interest on her value at the date of demand, you are instructed that if you find from the evidence that the cow had a value for use, and that the plaintiff intended to, and was in a position to, use said cow for profit or service, you should so find, fixing the amount of damage, measured by the value of the use. On the other hand, if you should find from the evidence that the cow had not a value for use, or that the plaintiff was not in a position during the period of detention to have used the cow for profit or service, and at no time intended to use the cow, then you should find plaintiff's damage by computing legal interest on the value of the cow at the date of demand, fixing the amount of

damage, measured by the legal interest on the value of the cow at date of demand.

"It is the intention of the court to instruct you that if you find and assess the damages on the basis of value of use, then that value of use as found by you will constitute the amount of damage to which the plaintiff will be entitled; otherwise, if you find the proper measure of damage to be legal interest on the value of the cow at the date of demand, you are at liberty, and under the instructions later on given you by the court it is intended that you should, in addition to the legal interest thus found as a measure of damages, to add the depreciation in value of the cow between the date of demand and the date of trial, if any."

The plaintiff testified that, if he had secured possession of the cow, he would have used her; that it was his intention so to do; that he was in a position to use her; that he was engaged in operating the Alta Vista hotel; that he had a place provided for the keeping of the cow; that he should have milked the cow and used the milk in the hotel business; that it would have cost about five dollars per month to feed the cow the year around; and that the net value of the use of the cow, after all expense of keeping her was paid, would amount to from seventy-five cents to a dollar per day.

In the former opinion rendered in this case, the court of appeals stated: "It has long been settled that where domestic animals, like horses or cows, which are designed for use, and kept and used by the owner, have wrongfully come into the possession of another, the damages are not measureable solely and only by the interest on the money value, which oftentimes would not prove an adequate compensation for the injury," citing authorities.

The court then goes on to say that wherever it

is made to appear that the owner intended to use the animals, and by the detention has been deprived of their use, it is recognized by all authorities that the measure of damages is the usable value.

The cause was reversed because, in the opinion of the court, the damage assessed by the jury related back to the time of the original taking of the animal, and not to the time of the demand for her possession.

In this particular case, the appellant claims that the true measure of damages should be the value of the animal, if she is not returned, and legal interest upon the amount during the period of her detention. This is the ordinary measure of damages for the plaintiff in replevin as to property which has no usable value except for consumption; but as to property having a usable value, like milk cows, horses, tools, or other property, the chief value of which is in the use that can be made of it, the measure of the plaintiff's damages is the interest on the value of the property while in the defendant's possession, unless the proofs show that the use of the property was of greater value than the interest during the time the plaintiff was deprived of the same, or that the value of the property depreciated during that time.—Cobbey on Replevin, § 888; Shinn on Replevin, § 646; *Bell v. Campbell,* 17 Kansas 211; *Allen v. Fox,* 51 N. Y. Rep. 562; 2 Joyce on Damages, 1224. See also cases cited in *Smith v. Stevens,* 14 Colo. App. 494.

The reason for this rule is apparent. Where one divests another of his property and compels him to resort to replevin, the object of the law is to place the owner of the property as nearly in the position that he would have been had his property not been taken from him, as is possible under the circumstances.—Shinn on Replevin, § 644.

This case affords a striking example of the fact that mere legal interest upon the value of the property would not be sufficient to indemnify the plaintiff for his loss. The maximum value of the cow, as shown by the testimony, was one hundred dollars. The interest upon that one hundred dollars, at the legal rate, would be eight dollars per year. The minimum usable value of the cow, according to the testimony, was twenty dollars per year, twice and a half the amount of the interest upon the investment; while defendant insisted that the value of the cow was not over forty or fifty dollars, in which event, the usable value would be five times as great as the interest value, and the defendant would be permitted to profit by his own wrong, a thing which is abhorrent to a keen sense of justice.

On the other hand, the maximum usable value of this animal, as shown by the testimony of plaintiff, was about seventy-five cents a day, and if the plaintiff is correct as to this, the usable value would be out of all proportion to the interest value.

Notwithstanding the many assignments of error, the foregoing practically disposes of the case. There is some criticism made as to the wording of the instruction hereinbefore quoted. The instruction complained of does not appear to be ambiguous, and we do not see how the jury could have been misled by it.

While the verdict in this case may appear to be excessive, yet, inasmuch as the action has been tried three times, before three juries, with three different judges presiding, and there is no material difference in the amount of the verdict—and, inasmuch as there is legal and competent evidence in support of the verdict, we do not feel inclined to reverse the case upon that ground. There appearing to be no substan-

tial error in the record, the judgment of the county
court will be affirmed.                *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GOD-
DARD concur.        _____