(17 Misc. Rep. 544.)

## KINGSLEY v. SAUER.

(Oneida County Court. July, 1896.)

1. REPLEVIN—JUDGMENT FOR SPECIFIC CHATTELS OR MONEY—SATISFACTION.
   Where a judgment directs that plaintiff recover a certain quantity of hay, or a certain sum of money if possession of the hay cannot be had, plaintiff cannot be compelled to take part of the hay, and the balance in money.

2. SAME—FOLLOWING STATUTORY FORM.
   Failure of an execution in replevin to follow the statutory form (Code Civ. Proc. § 1731), which calls for a money satisfaction "if the chattel cannot be found," does not prejudice defendant where he has used part of the chattels, so that the execution can only be satisfied with money.

Replevin by W. Warren Kingsley against Jacob Sauer for a quantity of hay.    Judgment was rendered in favor of plaintiff for a specified quantity of hay, or, if the same should not be delivered, for a certain sum of money.    A portion of the hay had been used by defendant, and plaintiff refused to accept the balance with compensation for the difference.    Defendant moves to set aside an execution issued by plaintiff, and to compel plaintiff to accept the amount of hay on hand, and payment for the shortage.    Denied.

E. O. Worden, for the motion.

P. H. Fitzgerald, opposed.

DUNMORE, J.    My attention has not been called to any case, nor do I have any in mind, bearing directly upon the question presented here, and, so far as I am able to discover, the question, as

here presented, is new. It was practically conceded on the argument of the motion that defendant had used a portion of the hay in question, and that some of the hay called for by the execution could not be found. The question, then, arises whether the sheriff has a right to seize and deliver to plaintiff any of the hay unless he can get it all, and whether plaintiff can be compelled to take part satisfaction of the judgment in hay and the balance in money, or whether the sheriff is bound to deliver and plaintiff is entitled to receive either all hay or all money. The judgment is that plaintiff recover possession of 7 tons and 180 cubic feet of hay, and, if possession of the same is not delivered to plaintiff, that plaintiff recover from defendant $80.85. In effect, the judgment is that plaintiff recover either 7 tons and 180 cubic feet of hay, or $80.85. It is that he recover one or the other in its entirety. There is no provision for a partial delivery of either the hay or the money. Neither does the Code authorize the insertion of a provision for any such partial delivery. Code Civ. Proc. § 1730. The Code (section 1731) provides that the execution shall require the sheriff either to deliver the chattels entire or to collect the damages entire. If this were not so, who is to fix the value of the chattels not found separately from those found, or determine how much money must be collected to make plaintiff good for the missing chattels? Suppose the chattels consisted of a team of horses, and one only is found by the sheriff. Must he deliver that, and collect the value of the other? If so, who is to fix that value, or say how much must be collected? It is urged here that the hay is all the same value and it is simply a question of computation to determine the value of the hay not found. The first answer to that is that there is no proof that it is all the same value. The portion of the hay taken might have been a superior quality to that remaining, and, if that were so, an average valuation would not be adequate compensation. The second answer is that the rule as to a partial or entire delivery should be a uniform rule. A rule of partial delivery and partial compensation should not apply as to some chattels and the rule of entire delivery as to others. The ends of justice will best be subserved by a uniformity of practice. In the first place, plaintiff had his election to bring an action to recover the value of the hay, in which he would have been entitled to money damages, or to bring an action in replevin, in which he could recover the property in specie, or money damages in case the property could not be found. In this case plaintiff doubtless made his election upon the supposition that the entire quantity of hay was there. If at any time plaintiff discovers this is not so, what harm is done defendant if plaintiff is permitted to abandon his claim to the property in specie, and is permitted to recover its value? Plaintiff is simply permitted to make the election which he had the right to make in the first place. These views lead to the conclusion that the sheriff had no right to sever the quantity of chattels or the damages, but that it was his duty to either deliver to the plaintiff the property entire or to collect the damages entire.

Defendant also objects to the form of the execution. It is true, it is not in the form required by section 1731 of the Code of Civil Procedure. The Code provides that the execution shall "require the sheriff, if the chattel cannot be found within his county, to satisfy," etc. The execution in this case requires the sheriff to "satisfy the said judgment by delivering said chattels to plaintiff, or else out of the personal property," etc. The defendant is not harmed by the departure from the statutory form, for the reason that the sheriff would have no right in this case to make a partial delivery of the chattels, and his only complaint is that the execution in form leaves to the sheriff's discretion whether he will deliver the chattels or collect the damages, whereas it should direct the sheriff to collect the damages only upon the alternative that the property cannot be found. We are of the opinion that, for the reasons above given, the motion should be denied, but, as the question is new, without costs.

Motion denied, without costs.