Eugene C. Gilroy, as Receiver of the Property of the Columbia Publishing Company, Appellant, v. Everson-Hickok Company and Hickok Printing Company, Respondents.

*Replevin by a vendor to recover property because of non-performance of the conditions of sale — where title passes to the vendee replevin does not lie against its successor in title — the value where the property has been delivered to the plaintiff must be fixed as of the date of trial — what exception is sufficient.*

Where a corporation, having the legal title to and the possession of personal property sold and unconditionally delivered to it, sells such property to another corporation, a receiver of the property of the original vendor appointed in proceedings supplementary to execution cannot maintain an action to replevin the property, upon the theory that title did not pass from the original vendor, because the conditions upon which the sale was made were not performed. The receiver's remedy, if any, is by a suit in equity for the rescission of the original contract of sale, to the end that the legal title may be restored to the judgment debtor.

Upon the trial of an action in replevin it is improper for the court, when ordering a judgment in favor of the defendant for the value of the property, to determine such value in accordance with an affidavit made by the plaintiff in the action two years and three months prior to the time of the trial, for the reason that section 1726 of the Code of Civil Procedure requires that such value shall be determined as of the date of the trial.

An exception to the direction of a verdict sufficiently raises the question.

Appeal by the plaintiff, Eugene C. Gilroy, as receiver of the property of the Columbia Publishing Company, from a judgment of the Supreme Court in favor of the defendants, entered in the

office of the clerk of the county of New York on the 7th day of December, 1904, upon the dismissal of the complaint, a verdict having been rendered for the defendants, by direction of the court after a trial at the New York Trial Term.

*Charles Frederick Adams,* for the appellant.

*Isaac N. Miller,* for the respondents.

LAUGHLIN, J.:

This is an action in replevin by the receiver, supplementary to execution, of the property of the Columbia Publishing Company. The Columbia Publishing Company by formal contract in writing sold and assigned the property sought to be replevied to the defendant the Everson-Hickok Company, and executed and delivered a bill of sale of the property to said company. Prior to the commencement of the action the property was delivered to the Everson-Hickok Company pursuant to the contract and bill of sale, and it had transferred the same to the defendant Hickok Printing Company by a formal bill of sale. The theory of the plaintiff is that the conditions upon which the property was sold and delivered to the Everson-Hickok Company had not been complied with, and that, therefore, title did not pass. The difficulty with this contention, however, is that possession of the property had been delivered unconditionally, and that the Everson-Hickok Company having legal title to the property, transferred the same to the Hickok Printing Company. It is, therefore, manifest that the receiver who represents a judgment creditor of the Columbia Publishing Company could not maintain an action in replevin; but his remedy, if any, was a suit in equity for the rescission of the contract to the end that the legal title might be restored to the judgment debtor. The action, therefore, could not be maintained and the dismissal of the complaint was proper.

Unfortunately, however, the judgment in favor of the defendant cannot be sustained for the reason that the property or the major part thereof was replevied by the plaintiff, and remained in his possession at the time of the trial, and without the valuation thereof at the time of the trial being shown or found except as stated by the receiver in his affidavit made two years and three months prior to

the time of the trial; the judgment awards the possession of the property to the Hickok Printing Company, and in case possession thereof cannot be delivered, it awards personal judgment against the receiver for the value of the property as stated in his said affidavit, with interest thereon from the date the property was replevied. It is evident that the value of the property may have changed in the period of two years and three months intervening between the date of the affidavit of the receiver and the date of the trial. Section 1726 of the Code of Civil Procedure requires that the value of the property shall be determined as of the date of the trial. There was no evidence of the value of the property at the date of the trial, and this part of the judgment fixing the value in accordance with the affidavit of the receiver is not a sufficient compliance with the Code provision to which reference has been made. (*Duffus* v. *Schwinger*, 79 Hun, 541; *Button* v. *Chapin*, 7 Civ. Proc. Rep. 278; *National Cash Register Co.* v. *Agne*, 43 App. Div. 605; *Allen* v. *Fox*, 51 N. Y. 562; *Brewster* v. *Silliman*, 38 id. 423.)

The complaint was dismissed on the opening of counsel for the plaintiff and on the documentary evidence showing the contract of sale and the bill of sale from the Columbia Publishing Company to the Everson Company, and the bill of sale from the latter to the Hickok Printing Company. The appellant duly excepted to the direction of the verdict. This exception sufficiently raises the question.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to appellant to abide event.

VAN BRUNT, P. J., PATTERSON, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.