(118 App. Div. 733)

## GILROY v. EVERSON-HICKOK CO. et al.

(Supreme Court, Appellate Division, First Department. April 5, 1907.)

1. EVIDENCE—PAROL EVIDENCE—VARYING WRITTEN CONTRACT.

Evidence of general conversations had at the time of the execution of a bill of sale, or of the circumstances under which it was executed, was not admissible to show that it was not to take effect as a transfer until certain conditions had been complied with.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 1930.]

2. CHATTEL MORTGAGES—ABSOLUTE BILL OF SALE AS MORTGAGE.

The introduction of evidence as to a conversation had at the time of the execution of a bill of sale to show that it was not to take effect as a transfer until certain conditions had been complied with should be confined to what was said respecting any conditions as to its taking effect as an absolute transfer.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Chattel Mortgages, § 44; vol. 20, Evidence, § 1930.]

3. SALES—CONDITIONAL SALES—OPERATION AND EFFECT—TRANSFER OF TITLE.

Where a chattel and a bill of sale thereof have been delivered by the seller to the purchaser, who acknowledged in writing the receipt of the property, and it was permitted to remain in the possession of the purchaser, without demand for compliance with the conditions of the sale, until it was actually sold and delivered to another, the seller waived compliance with the conditions, and is estopped from claiming that title never passed to the subsequent purchaser.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1379.]

4. REPLEVIN—RIGHT OF ACTION—PROPERTY SUBJECT.

Where the legal title to property had passed from the judgment debtor at the time the plaintiff was appointed receiver, he could not replevin it.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, §§ 45, 46, 56, 57.]

5. SAME—TITLE.

Where the title to property has passed, plaintiff cannot be permitted to show the consideration for the transfer in an action at law, such as replevin.

6. SAME—EVIDENCE—ADMISSIBILITY.

It was error, in replevin, to admit as evidence of the value of the property at the time of the trial the affidavit of the plaintiff made four years before.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, §§ 286, 287.]

Ingraham and Clarke, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Eugene C. Gilroy, as receiver, etc., of the Columbia Publishing Company, against the Everson-Hickok Company and the Hickok Printing Company. From a judgment dismissing the complaint, plaintiff appeals. Reversed, unless defendant stipulates to reduce the judgment, in which case it will be affirmed.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Charles W. Dayton, Jr., for appellant.
Isaac N. Miller, for respondents.

HOUGHTON, J.   The action is in replevin, brought by the plaintiff as receiver in supplementary proceedings of the property of the Columbia Publishing Company.   The plaintiff was appointed such receiver on the 30th day of June, 1902.   The property replevied consisted of printing presses, type, motors, shafting, and other articles incident to a printing plant, and on the 10th day of May, 1900, was in possession of and owned, subject to certain incumbrances, by the Columbia Publishing Company.   On that day the Columbia Company entered into an agreement to sell the printing plant in question to the Everson-Hickok Company, and on the 22d day of that month executed and delivered a bill of sale thereof, containing a covenant of warranty of title.   On the following day the Everson-Hickok Company acknowledged by indorsement on the contract of sale that it had received delivery of the property mentioned therein.   The property remained in the undisturbed possession and use of the Everson-Hickok Company until March 9, 1901, when it was transferred, by bill of sale expressing a valuable consideration by way of assumption of debts, and delivered to defendant Hickok Printing Company.   The complaint alleges that the Columbia Publishing Company demanded the return of the property on the 22d day of February, 1901; but I find no proof in the record of that fact, and it is expressly denied in the answer of the Everson-Hickok Company.   The property remained in the possession and use of the Hickok Printing Company from the time of the transfer to it until September 12, 1902, when it was seized by the replevin process issued herein.   Demand upon the latter company for its return was made by the plaintiff some time between June 30, 1902, and the commencement of the action.   The property was sold at public auction.   At the close of the plaintiff's case, the court dismissed the complaint and proceeded to try the issue as to the value of the property.   From the judgment entered the plaintiff appeals.

The case was before this court on a former appeal (103 App. Div. 574, 93 N. Y. Supp. 132), on the pleadings and opening of counsel for plaintiff, and it was held that the plaintiff could not maintain this action at law in replevin, because the possession of the property had been delivered by the Columbia Publishing Company, the judgment debtor, unconditionally to the Everson-Hickok Company, which had transferred it to the Hickok Printing Company prior to plaintiff's appointment as receiver.   The judgment was reversed, however, because the value of the property, which could not be restored, was improperly assessed.   The prior record on appeal contained the bills of sale and all the facts relating to them which appear in the present record.   The appellant concedes that the law of the case as established on the former appeal must now prevail, but complains of the exclusion of certain evidence, which he sought to introduce, tending to show that the bill of sale from the Columbia Publishing Company to the Everson-Hickok Company was delivered conditionally, and that the delivery of the property and of the bill of sale was not to take effect as a transfer until certain conditions on the part of the vendee had been complied with.

There is no question as to the rule of law enunciated in Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127, and kindred cases, that parol

evidence is admissible to show that a writing which is, in form, a complete contract, of which there has been a manual tradition, was not to become a binding contract until the performance of some condition precedent resting in parol. It was under this rule that the counsel for appellant sought to introduce his evidence. In his argument to the court, which appears in the record, he announced the rule, to which the court assented. The questions which he put to his witnesses, however, I do not think called for answers within the rule. They either called for the broad conversations had at the time of the execution of the bill of sale, which might tend to vary its terms, or for the general circumstances under which it was executed. The rule permitting parol evidence of the conditional delivery of a complete contract in writing is a very narrow one, and, as is said in Reynolds v. Robinson, supra, should be cautiously applied and confined strictly to cases coming clearly within it. To avoid any question that the evidence which the plaintiff sought to elicit might tend to vary the terms of the written bill of sale, the questions should have been confined to what was said upon its delivery respecting any conditions as to its taking effect as an absolute transfer. The evils to which any loose application of the rule might lead are well illustrated by the present case. The bill of sale was delivered by the Columbia Publishing Company to the Everson-Hickok Company, and the property actually delivered, and the precaution taken of having the Everson-Hickok Company acknowledge in writing the receipt of the property, which was permitted to remain in the possession of the latter, without demand for compliance with any of the alleged conditions, until it was actually sold and delivered to the Hickok Printing Company. Even then there was no complaint on the part of the Columbia Publishing Company until it was unable to pay a judgment, when a receiver in supplementary proceedings was appointed, who made demand and sought to regain the property on the ground that the title never passed from the Columbia Publishing Company because some condition was attached to its delivery and sale. Under these circumstances, if the rule respecting parol evidence of conditional delivery applies at all, it should be applied with great caution, and only when the proposed evidence comes strictly within the rule. In addition, I think the Columbia Publishing Company and its receiver conclusively waived compliance with the condition, if any existed, and that plaintiff is estopped from now claiming that title never passed to the subsequent purchaser.

The appellant also complains that he was not permitted to show the consideration for the transfer of the property. This broad question was not open for consideration in an action at law, such as the present one is. If the property was transferred to the Everson-Hickok Company without consideration, or even inadequate consideration, still they obtained title. Such title may have been fraudulent as to creditors and subject to be set aside; but in such a case the receiver in supplementary proceedings must bring an action in equity for that purpose. He can obtain no such relief in an action at law, for his title to property is confined to that owned by the judgment debtor at the time of his appointment. Stephens v. Meriden Brittania Company, 160 N. Y. 178, 54 N. E. 781, 73 Am. St. Rep. 678. The legal title had passed from

the judgment debtor at the time the plaintiff was appointed receiver, not only by unconditional delivery and waiver of conditions, but by estoppel as well, and he therefore could not replevin the property, and his complaint was properly dismissed.

There was error, however, in assessing the value of the property. The jury rendered a verdict, finding the present value of the property $5,500. They allowed no damages for detention or use, aside from the legal interest on that amount. The proof on the part of defendant was that the value of the property at the time of the trial was $3,300. The property sold at auction for $1,550. The court instructed the jury that they must find the value of the property at the time of the trial, and that they might allow interest upon the value of the property at the time it was taken as damages, or they might allow the usable value from such time. The only proof that the property was of the value of $5,500 at the time of the trial was that contained in the affidavit of the plaintiff, which accompanied his requisition to the sheriff. This affidavit was made four years before the trial, and was insufficient proof upon which to base a finding of value four years later, as was held on the former appeal. The jury might have found the value to have been $3,300 at the time of the trial, and have allowed a further sum for depreciation; but this they did not do, except by way of interest.

The plaintiff made a motion for a new trial, and one of the specific grounds was that the jury had used as a basis for their verdict the value stated in the affidavit made in 1902. No order denying the motion for a new trial appears in the record, and the appeal is from the judgment only. There is some question whether or not even a specific objection to the verdict of this character is raised without the formal entry of the order denying the motion for a new trial and an appeal therefrom. The plaintiff objected to the receipt of the evidence, however, on the specific ground that it was immaterial to show value of the property on the day of the trial, and took an exception to the overruling of his objection. So far as the issues were concerned, the affidavit bore only upon the question of value, and thus a case is presented where it is proper to provide that the judgment should be reversed, and a new trial granted, with costs to appellant to abide event, unless the defendant stipulates to reduce the judgment to $3,300, and interest thereon from the time of the seizure of the property, and costs, in which case the judgment to be affirmed, without costs of this appeal, which I think is the disposition that should be made of this case.

PATTERSON, P. J., and McLAUGHLIN, J., concur.

INGRAHAM, J. (dissenting). This action was tried before, and resulted in a judgment dismissing the complaint on the opening of counsel with certain documentary evidence which was admitted in evidence. Upon an appeal to this court this judgment was reversed and a new trial ordered (103 App. Div. 574, 93 N. Y. Supp. 132), upon the ground, as it then appeared, that there was an unconditional delivery of the property which vested the vendees with the legal title, the plaintiff as receiver of the vendor could not maintain an action at law to recover

possession of the property. Upon the new trial the plaintiff sought to prove that there was no unconditional delivery of the property and that a bill of sale of the property to the defendant Everson-Hickok Company was delivered conditionally, which was excluded by the court, and the question presented upon this appeal is whether the exclusion of that testimony was error.

There is no question but that the Columbia Publishing Company, of which the plaintiff is receiver, was the owner of the property. It made a contract to sell it to the defendant the Everson-Hickok Company, the consideration for such sale to be the stock of the defendant Everson-Hickok Company of the par value of $7,500. As a part of this agreement the Everson-Hickok Company agreed to increase its capital stock to $15,000, and thereupon to purchase the said printing plant, subject to an incumbrance of $1,000, at and for the sum of $7,-500, payable by the issue of capital stock to the par value of $7,500; and the contract contained the following provision:

"Eighth. It is mutually agreed that upon the execution of this agreement the various covenants shall be simultaneously performed and carried into effect, each being conditioned upon the others."

The property consisted of printing presses, type, and other bulky machinery. The agreement for the sale was dated the 10th of May, 1900, and on the 23d of May, 1900, the Everson-Hickok Company indorsed upon this agreement a receipt as follows:

"Received, New York, May 23, 1900, the within-mentioned plant as per within agreement."

The president of the Columbia Publishing Company was called as a witness, and testified that after the execution of the agreement he had a conversation with Mr. Everson, who was president of the Everson-Hickok Company; that between the 10th of May, 1900, and the 22d day of May, 1900, the machinery referred to in this bill of sale was delivered over to the Everson-Hickok Company. He was then asked whether any stock of the Everson-Hickok Company had ever been delivered to the Columbia Publishing Company, or if any of the other conditions of the contract were carried out. This was objected to, the objection sustained, and the defendant excepted. There was then produced an instrument under seal, dated May 22, 1900, whereby the Columbia Company granted and conveyed to the Everson-Hickok Company the personal property in controversy, and the witness was asked to state the circumstances under which this bill of sale was executed at the time. That was objected to as immaterial and irrelevant. Then counsel stated to the court:

"It is the contention of the plaintiff here that there was no consideration for it, and that it was a nudum pactum, for the reasons that the conditions under which it was delivered had not been carried out; and also I intend to show by this witness that there was an oral agreement at the time it was delivered that it should not take effect until these conditions were complied with."

Upon that statement of the object of the question the court sustained the objection, and the defendant excepted. The secretary of the Columbia Publishing Company was then called as a witness, and stat-

ed that the receipt of this property was indorsed upon the bill of sale in his presence; and he was then asked:

"And what conversation did you have with Mr. Everson at the time?"

That was objected to as immaterial, irrelevant, and incompetent, when counsel for the plaintiff stated that he sought to show the condition under which the contract was executed and the property delivered. That objection was sustained, and the defendant excepted. Various questions were then asked in relation to the conversations had between the parties executing the contract and bill of sale at the time they were executed, which were all excluded. The bill of sale was then introduced in evidence by the plaintiff, and it rested; and the defendant moved to dismiss the complaint, which motion was granted. The court then submitted to the jury the question as to the value of the property that had been replevined in the action. The jury fixed such value, for which the defendant had judgment against the plaintiff.

Under the contract of sale it was the intention of the parties that the property should be delivered, and that the stock, which was the consideration of the sale and delivery of the property, should be issued and delivered to the plaintiff, simultaneously. The title, therefore, to the property, would not vest in the vendee until the condition had been complied with, namely, the delivery of the stock to the Columbia Publishing Company, unless that company should waive the condition. Undoubtedly an unconditional delivery of the property, without exacting the delivery of the consideration, would be a waiver of the condition; and the delivery of a bill of sale of the property after the vendee was in actual possession would waive the condition, and would vest the title to the property in the vendee. If this bill of sale had not been under seal, there could be no question but that the plaintiff would be entitled to prove that it was delivered upon a condition which would not make the delivery absolute until the performance of the condition, the rule being that:

"An instrument, not under seal, may be delivered upon conditions the observance of which, as between the parties, is essential to its validity; and the annexing of such conditions to the delivery is not an oral contradiction of the written obligation." Bookstaver v. Jayne, 60 N. Y. 146; Higgins v. Ridgway, 153 N. Y. 130, 47 N. E. 32.

The effect of a conditional delivery of an instrument under seal was presented to the Court of Appeals in the case of Blewitt v. Boorum, 142 N. Y. 357, 37 N. E. 119, 40 Am. St. Rep. 600. That action was for an accounting under an instrument under seal. The defendant admitted the execution of the contract, but alleged that it had been executed upon the parol condition that it was not to operate as a contract until the plaintiff acquired the interest of a third person in the patent spoken of in the agreement, and that the plaintiff had never performed the condition. The evidence to prove this contention was admitted by the court, who found the facts in accordance with the defendant's contention, and gave judgment dismissing the complaint. This was affirmed by the General Term and by the Court of Appeals. Judge Peckham, in delivering the opinion, after a discussion of the au-

103 N.Y.S.—40

thorities, which had held that a deed or conveyance could not be delivered to the grantee in escrow, because then a bare averment, without any writing, would make void every deed, states his conclusion as follows:

"As a result of the examination of the English authorities, I think it is clear that the presence of a seal on a writing was not the reason for prohibiting parol evidence of a condition attached to a delivery to a party, but that. where parol evidence was disallowed, it was on the theory that otherwise it would be contradicting the writing. The rule was overthrown in England by the cases cited, which permit parol evidence that the delivery of a writing, although under seal, may be shown to have been under an agreement that it was not to operate as such until the happening of some future event."

The learned judge then considered Lovett v. Adams, 3 Wend. 380, where it was said that:

"If a bond be signed and put into the hands of the obligee, or a third person, on the condition that it shall become obligatory upon the performance of some act of the obligee or any other person, the paper signed does not become the bond of the party signing the same until the condition precedent shall be performed. Until then there is no contract."

—and the other cases in this state sustaining the same conclusion. The distinction between cases relating to deeds conveying real estate and other kinds of written instruments is then adverted to, and the conclusion was that the rule had been established in this state that as to all instruments, whether under seal or not, except instruments relating to land, a delivery of the instrument upon a condition that it is not to take effect until the happening of the condition can be proved by parol and there is no delivery until the happening of the condition. A bill of sale of personal property is not an instrument which requires a seal to make it valid, and the rule as to sealed instruments is not extended in any event to those cases where the instrument is in law not in the nature of a specialty and where the presence of a seal is totally unnecessary to its validity. The plaintiff, therefore, had a right to prove by parol that there was no unconditional delivery, either of the property itself, or of the bill of sale which vested the title in the company. The title did not pass under the contract for its sale until the consideration had been paid, unless this condition was waived by the vendor. An unconditional delivery would waive the condition, but the vendor had the right to show that a delivery of the property was not unconditional. A delivery of a bill of sale would waive the condition; but the plaintiff also had the right to show that the bill of sale was also delivered upon a condition by which it was not to become effective until the happening of the event upon which the delivery was conditioned. I think, therefore, that the court excluded competent evidence tending to show these facts, and that error was therefore committed which requires us to reverse the judgment.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

CLARKE, J., concurs.