(54 Misc. Rep. 305.)

PABST'S BREWING CO. v. RAPID SAFETY FILTER CO. et al.

(City Court of New York, Special Term. May, 1907.)

1. REPLEVIN—JUDGMENT FOR DEFENDANT.

Where defendant in replevin recovers a judgment, he is required to take the chattel, if possession can be had, with compensation for its depreciation while in the hands of plaintiff under the writ, down to the time of trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Replevin, § 130.]

2. SAME.

In replevin, the value of the chattel at the time of the trial must be established by the judgment, and for any subsequent injury thereto the prevailing party would have a right of action.

Action by the Pabst's Brewing Company against the Rapid Safety Filter Company and others. Motion to compel delivery of satisfaction of a judgment. Granted.

Mayer & Gilbert, for the motion.

Myron H. Oppenheim (Louis J. Vorhaus, of counsel), opposed.

GREEN, J.: This is an action brought to recover a chattel and in which the plaintiff issued to the sheriff a requisition to replevy the chattel in question, and, pursuant to statute in such cases made and provided, gave the necessary undertaking therefor. Pursuant to such requisition, plaintiff, through the sheriff, obtained possession of the chattel in question, which consisted of an automobile, the defendant having failed to rebond, and the automobile was in due time delivered

to the plaintiff in the action.    The case came on for trial, and a verdict was rendered for the defendant and the value of the chattel fixed by the jury at $1,000.

The judgment entered upon the verdict of the jury was as follows:

"Ordered and adjudged that the defendant, the Rapid Safety Filter Company, recover from the plaintiff, Pabst's Brewing Company, possession of the said automobile made by the Wood's Vehicle Company of Chicago, being the property mentioned and described in the complaint herein, and that the said defendant recover also of the plaintiff the sum of $68.64, its costs in this action, as taxed by the clerk of this court; and it is further ordered and adjudged in case the possession of the said property is not delivered to said defendant, that the said defendant, the Rapid Safety Filter Company, recover from the plaintiff, the Pabst's Brewing Company, the sum of $1,000, the value of the chattel as found by the jury, together with the costs aforesaid, amounting in the aggregate to the sum of $1,068.64."

The complaint in this action was an ordinary complaint in replevin against the defendant, the Rapid Safety Filter Company, to the effect that the automobile came wrongfully into possession of the said defendant, and that the said defendant wrongfully gave possession of the said automobile to another company for the purpose of being repaired. The answer in the action was substantially a general denial with a prayer demanding judgment that the complaint herein be dismissed, with costs.

After the entry of judgment in this action and the delivery of the execution in conformity to law to the sheriff, the plaintiff in the action offered to deliver to the sheriff an automobile claiming to be the one in suit, and the defendant objected to the sheriff accepting the said automobile in satisfaction of the judgment; claiming that an examination of the automobile at the time of the offered delivery by the plaintiff to the defendant showed it was not in the same condition that it was at the time that the plaintiff replevied the same.

A motion was thereupon made by the plaintiff in this action to compel the defendant in this action to execute a satisfaction piece of the judgment, pursuant to section 1261 of the Code of Civil Procedure; the plaintiff contending that the defendant is compelled to take the automobile as it is, and the defendant contending that it is not required to take the automobile in its present condition, because in its present condition it is worth but $100, many of the material component parts of the automobile having, as defendant claims, been removed from the automobile.

The question now before the court is whether the plaintiff is entitled to a satisfaction of the judgment upon its offer to deliver the automobile in the condition that it now is.    The affidavits of the defendant in opposition to the moving papers show that many of the component parts of the machine are missing, and that the value of the machine at the present time, with the parts missing, is only about $100, and there is no direct denial of these facts by the plaintiff in any of the affidavits submitted on this motion.

It seems from the affidavits of the defendant presented in opposition to the motion that there are missing one complete set of batteries, four battery trays, one coach lamp, two lamp brackets, one gong, one brake shoe, one electric controller, one controller lever, one starting switch, as well as considerable portions of the wiring, which

articles, by affidavit, are shown to have been in the machine at the time of the replevin. Plaintiff's only answer to this statement is contained in the moving papers that the automobile has remained, ever since the replevin, undisturbed, down to the trial, at No. 606 West Forty-Ninth street, New York city; but from the affidavits in the case the conclusion is irresistible that the automobile has been badly used and is not in the condition it was when replevied.

It is undisputed in this case that the costs have been paid, and an examination of the affidavits before me satisfies me that a sufficient tender of the machine has been made; and the only question for the court to determine is whether or not the defendant is compelled to take the machine in its present condition.

By section 1722 of the Code of Civil Procedure it is provided that the plaintiff, if he recover a chattel, may obtain damages if the property is depreciated or was injured while in defendant's possession, provided such damages are set forth and claimed in the complaint.

Section 1725 of the Code of Civil Procedure provides that, where a chattel is replevied and delivered to the plaintiff, the defendant's attorney may, within the time allowed for the service of a notice of trial, serve a notice that the defendant demands judgment for a return of the chattel or its value, either with or without damages for the detention thereof, and upon the trial a copy of the notice must be furnished to the court with the pleadings.

Section 1726 of the Code of Civil Procedure provides that the verdict must fix the damages, if any, of the prevailing party; and, where it awards the prevailing party a chattel which has been replevied and delivered by the sheriff to the unsuccessful party, it must also fix the value of the chattel at the time of the trial.

In this case, so far as papers and records before me appear, no notice or demand was served within the time or in the manner provided for by section 1725, to the effect that the defendant demands a return of the chattel, or its value, or that any damages were asked for on account of the detention of the automobile by the plaintiff. In this case the defendant was the prevailing party within the meaning of section 1726 of the Code of Civil Procedure, and the verdict in the case was in conformity with the law, because the jury fixed the value of the chattel at the time of the trial at the sum of $1,000.

The law applicable to cases of this character is plainly set forth in the opinion of that able jurist, Judge Earl, in the case of Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641, in which he said:

"In the action of replevin, under the Code, the jury are required to assess the value of the property and damages for its detention. The value here intended is the value at the time of the trial. In case the prevailing party can obtain a delivery of the property, he must take it as it then is. If he cannot obtain such delivery, then the value is intended as a substitute and precise equivalent of the property. The damages for detention are the same, whether the party recover the property or its value. Now, suppose the property has been badly depreciated, intermediate the wrongful taking and the trial; still the prevailing party is obliged to take it if he can obtain it, and he is indemnified for the depreciation by the damages assessed to him." Allen v. Fox, 51 N. Y. 565, 10 Am. Rep. 641.

In the case at bar, so far as the papers and records before me appear, I am unable to determine whether or not there was evidence as to the

condition of the automobile at the time of the trial; but, the jury having found the value of the chattel, I have the right to assume that such value was fixed as of the time of the trial. The defendant had the right to show its condition at the trial, as well as its value at the time of the taking, because the defendant would have been entitled to recover, in addition to damages for detention, any loss or depreciation in the value of the automobile at the time of the trial.

As the court said in another case:

"Value is to be accepted as the substitute for the property, if the sheriff cannot deliver possession, and should be the equivalent. While all damages arising out of the loss or depreciation are compensated by the damages recovered for the detention. Brewster v. Silliman, 38 N. Y. 429. The question of depreciation or no depreciation could only be determined by proof, first of the value at the time of the taking, and then proof of the value at the time of the trial." Brewster v. Silliman, supra, 430.

The language of section 1726 of the Code of Civil Procedure is explicit in that the value of the property must be shown as at the time of the trial for the very purpose, as explained in the opinion of Mr. Justice Earl in the case of Allen v. Fox, of the indemnification of the party for the difference in the value of the machine at the time of the trial and the time that it was unlawfully taken from the defendant and could have been obtained by the defendant as damages by proving the same on the trial.

The defendant's counsel has referred to the court the case of Kingsley v. Sauer, 17 Misc. Rep. 544, 41 N. Y. Supp. 248, a decision of the Oneida county court, as an authority substantiating his contention. In that case the plaintiff recovered judgment for the possession of 7 tons of hay, or, if possession could not be obtained, that the plaintiff have its value, amounting to $80.85. A portion of the hay had been used by the defendant, and plaintiff refused to accept the balance with compensation for the difference; and, upon a motion made to compel the plaintiff to accept the remaining hay and a part money payment for the shortage, the motion was denied for the reason that the court held that there is no provision for the partial delivery of the hay or money, but that the Code provides that the execution provide that the sheriff deliver the chattels entire or collect the damages entire.

In that case, the court said:

"In this case plaintiff doubtless made his election (that is, to bring the action in replevin) upon the supposition that the entire quantity of hay was there. If at any time plaintiff discovers this is not so, what harm is done defendant if plaintiff is permitted to abandon his claim to the property in specie and is permitted to recover its value. Plaintiff is simply permitted to make the election which he had the right to make in the first place."

The answer to the learned county judge seems to be that the harm lies in the fact that the value of the chattel is to be fixed at the time of the trial, and, if there be any depreciation or loss, that is also to be determined at the trial and damage awarded to the party entitled thereto, and it is not permitted to remain open subsequent to the trial for speculation as to whether the chattel is complete. Besides, the judgment in such cases provides that only in case possession of the chattel cannot be had shall a recovery of money in lieu thereof be

allowed. Plaintiff in an action of replevin proceeds in rem, that is to say, it is the thing, the chattel, he seeks and pursues to a recovery; and it is only when he cannot recover the thing pursued, with damages if injured, that he is allowed money in lieu thereof. At the termination of an action in replevin it is not optional with the successful party to take the property or its value. If the party has the property, and the other party permits, he is obliged to take it. Allen v. Fox, 51 N. Y. 564, 10 Am. Rep. 641. It is well settled that the value of the property must be found at the time of the trial, for its value may have changed from the time the property was taken until the trial.

"It is evident that the value of the property may have changed in the period of two years and three months intervening between the date of the affidavit of the receiver (which was made at the commencement of the action) and the date of the trial. Section 1726 of the Code of Civil Procedure requires that the value of the property shall be determined as of the date of the trial." Gilroy v. Everson-Hickok Co., 103 App. Div. 576, 93 N. Y. Supp. 132—citing Allen v. Fox and Brewster v. Silliman, supra.

If, after the testimony of its value at the trial, injury was done to the chattel by the unsuccessful party, there is no question but that a right of action would inure to the party finally awarded possession; but that question does not arise in the matter before me.

I agree with the conclusion reached in the case cited by the defendant, but not upon the grounds assigned therefor. The defendant had a right to examine the automobile at the time of the trial in order to have testimony adduced as to its value at the trial; and, if these missing parts were not there at that time, the defendant had the right to show such facts as damages as the difference in value by reason of depreciation or destruction of the parts of the machine, but, not having done so, I am of the opinion that the defendant is precluded from raising the question at this time, and the plaintiff is entitled to a satisfaction of the judgment.

If the defendant had shown on the trial what it claims to have been the condition and value of the chattel without the missing parts, he would have been entitled to a judgment for a return of the machine in its then condition, the damages sustained by reason of its depreciation, loss of usable value, and which taken together would have made it whole; and in default it would then have been entitled to the money damage and the value of the machine at the time of the trial.

For these reasons, while it looks like a hardship, and can only be explained on account of the absence of examination of the condition of the machine at the time of the trial, the motion to compel the delivery of the satisfaction of the judgment is granted; and, in default of such satisfaction, let an order be entered directing the clerk so to do.

Ordered accordingly.