(120 App. Div. 207)

GILROY v. EVERSON HICKOK CO. et al.

(Supreme Court, Appellate Division, First Department.   June 21, 1907.)

1. EXECUTION—STAY—ORDER IN ANOTHER ACTION.
    A stay of the execution on a judgment in another action may not be issued in an action not brought for an injunction.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 21, Execution, § 450.]

2. APPEAL—STAY—FORM OF BOND.
    Where the property replevied has been sold, and the judgment for defendant in the replevin suit is a money judgment, the stay of execution is properly conditioned on the filing of the bond provided for by Code Civ. Proc. § 1327, in case of appeal from a judgment for money, instead of the bond provided for by section 1329 on appeal from a judgment for the recovery of a chattel.

Appeal from Special Term, New York County.

Action by Eugene C. Gilroy, as receiver of the property of the Columbia Publishing Company, against the Everson Hickok Company and another. From an order staying proceedings, defendant Hickok Printing Company appeals. Modified and affirmed.

See 103 N. Y. Supp. 620.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles W. Dayton, Jr., for appellant.
Isaac N. Miller, for respondent.

CLARKE, J.   On or about the 20th day of October, 1902, the plaintiff, as receiver supplementary to execution of the property of the Columbia Publishing Company, commenced this action in replevin to recover certain chattels, consisting of presses and other materials of a printing establishment, claimed to be the property of the said Columbia Printing Company. The United States Fidelity & Guaranty Company, upon the application of the plaintiff, executed and delivered an undertaking in replevin in the sum of $11,000 to

indemnify the sheriff of the county of New York against all loss and damage which might result from the seizure of the property. Said property was thereafter sold at public auction. This action was tried, and the complaint dismissed, upon the ground that an action in replevin would not lie on behalf of the receiver and a judgment was entered on December 7, 1904, in favor of the defendant in the sum of $6,349.06. Upon appeal to this court, in 103 App. Div. 574, 93 N. Y. Supp. 132, the dismissal of the complaint was held proper, but a new trial was ordered because of error in the ascertainment of the value of the property which was the basis of the affirmative judgment. The case was again tried, and judgment rendered on October 13, 1906, for the defendants for the sum of $7,496.14. Upon appeal to this court a decision was handed down on April 5, 1907 (103 N. Y. Supp. 620), reversing the judgment and granting a new trial, unless the defendants stipulated to reduce the judgment to $3,300 and interest thereon from the time of the seizure of the property and costs, and judgment was entered thereon to the amount of $4,402.33 to the Hickok Printing Company and $316.50 to the Everson Hickok Company, on the 16th day of April, 1907. After the entry of the judgment below on the 13th day of October, 1906, the Hickok Printing Company brought an action in the Supreme Court, New York county, against the United States Fidelity & Guaranty Company to recover the amount of the judgment upon the undertaking given by it, in which action judgment was entered by default on the 12th day of March, 1907, in favor of the plaintiff against the said defendant, United States Fidelity & Guaranty Company, for $7,377.05. No appeal has been taken from said judgment, and, as it was taken by default, it is not apparent that an appeal could be taken therefrom, nor has the default been opened or the judgment vacated or set aside. Upon said judgment an execution has been issued to the sheriff against the property of the said defendant, the United States Fidelity & Guaranty Company.

The order here appealed from provides as follows:

"That the defendant be, and they hereby are, stayed from any further proceedings herein, except proceedings upon the prosecution of the appeal herein to the Court of Appeals of the state of New York, and that the defendant Hickok Printing Comptny be stayed from any further proceedings in the action brought by said defendant against the United States Fidelity & Guaranty Company in the Supreme Court. New York county, upon the undertaking given herein dated September 12, 1902, and that Nicholas J. Hayes, the sheriff of the county of New York, be restrained from making any levy or taking any proceedings upon the execution of the judgment issued herein in said action in which the defendant Hickok Printing Company is plaintiff and the United States Fidelity & Guaranty Company is defendant, until the determination of the appeal taken to the Court of Appeals of the state of New York by the plaintiff herein from the judgment upon the order of the Appellate Division filed in the office of the clerk of New York county on the 16th day of April, 1907, modifying and affirming as modified the judgment entered herein on the 13th day of October, 1906, * * * provided that the plaintiff shall give a written undertaking in due form conditioned that if the judgment appealed from, or any part thereof, is affirmed or the appeal is dismissed, he will pay the sum recovered or directed to be paid by the judgment, or the part thereof as to which it is affirmed."

The appellant claims that this order is erroneous:

First. Because an order made in this action undertakes to stay the issuance of an execution upon a judgment entered in another action. The claim is well founded. It appears from the papers that a motion was máde in said action, wherein the Hickok Printing Company was plaintiff and the United States Fidelity & Guaranty Company was defendant, for a stay, and that said motion was denied; the learned court stating that it knew of no provision of law that would warrant the court in granting the relief sought for in the moving papers. As in said action, there was a final judgment in full force, and effect, and not appealed from, that decision appears to have been correct. Thereafter the motion was made in the case at bar, and the order appealed from granted.

Mr. Justice O'Brien, speaking for this court, in Belasco Company v. Klaw, 98 App. Div. 74, 90 N. Y. Supp. 593, said:

"The inherent power of the court to stay proceedings or control the trial of an action is one which must be exercised in the action itself, and, where it is sought to enjoin parties from proceeding in another action, such relief must be by injunction in an action where by formal prayer it is demanded. Neither under the provisions of the Code of Civil Procedure nor by sanction of any authority to which our attention has been called is the practice permitted to apply in an action brought for an entirely different purpose to stay the trial of another action. * * * The proper practice was followed when the application for a stay was made in the action of Brooks v. Belasco, and, though it was denied, we now have the anomaly of an application for what is termed a stay of such action [Brooks v. Belasco] made in the present action and granted."

In the case at bar we have a more startling anomaly. In Hickok Printing Company v. United States Fidelity & Guaranty Company, an application was made for a stay of execution in that case, and was denied upon the ground that after judgment a stay of execution thereon is incident to an appeal therefrom, and that as no appeal had been taken no stay could issue, and here we have a stay issued in this action of the execution upon a judgment in another action which is, in effect, an injunction rendered in an action not brought for an injunction. We know of no authority for such a proceeding and so much of the order appealed from as grants the stay of execution in Hickok Printing Company v. United States Fidelity & Guaranty Company, should be reversed.

Second. The appellant claims that the order staying the issue of an execution in the case at bar was improper, because it was made contingent upon the filing in the case at bar of an undertaking, as provided for by section 1327 of the Code of Civil Procedure, which section applies only to appeals from judgment for the payment of money, whereas it should have been issued under the provisions of section 1329 of the Code of Civil Procedure, providing that in an action for replevin, in order to secure a stay, the appellant must give a written undertaking in the sum fixed by the court below or a judge thereof, to the effect that the appellant will obey the direction of the Appellate Court upon the appeal. This contention seems to be without substance, for it appears that the chattels have long since been

sold at public auction, and therefore cannot be restored and the judgment is a money judgment.

As to whether or not the appeal to the Court of Appeals herein has been perfected, there is an assertion upon the one side that it has, and upon the other that it has not, without such facts as enables this court to determine whether the appeal is pending, nor is it of any moment that we should, because if a proper appeal has not been taken the remedy lies elsewhere.

It follows, therefore, that the order appealed from should be modified by striking out so much thereof as provides for a stay of execution in the case of Hickok Printing Company v. United States Fidelity & Guaranty Company, and, as so modified, affirmed without costs to either party. All concur.