EBLING BREWING CO. v. FELDMAN.

(Supreme Court, Appellate Term. February 5, 1909.)

EVIDENCE (§ 420*)—PAROL EVIDENCE—NOTE—CONDITION PRECEDENT.

In an action on a note given for certain saloon fixtures, evidence that plaintiff was to use the note only in the event defendant should dispose of the fixtures or ruin them, that defendant had not disposed of them, but had offered to return them, what defendant had paid for his place of business, and the business relation which had existed between plaintiff

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and those from whom he purchased, was not admissible, under the rule that parol evidence may be received to show that a written instrument sued on was not to be binding until the performance of a condition precedent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1943; Dec. Dig. § 420.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Ebling Brewing Company against Isaac Feldman. From a judgment for defendant, and from an order denying plaintiff's motion for a new trial, it appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

John A. Hardiman, for appellant.
Moss & Feiner, for respondent.

SEABURY, J. The complaint rests the plaintiff's cause of action upon a promissory note signed by the defendant. The note was admitted. Attached to the note was a receipt, signed by the defendant, acknowledging the receipt of a "cellar icehouse and beer apparatus complete," and providing that such icehouse and apparatus "shall be a collateral security for the payment of above note, and that it cannot be sold, except with the consent of said the Ebling Brewing Company, until the above note is paid."

The defendant attempted to prove that the plaintiff was to use the note only in the event that the defendant "should dispose of the said fixtures or ruin them," and claimed that he had not disposed of the fixtures and had offered to return them to the plaintiff. The court below not only permitted the defendant to offer evidence in support of this claim, but allowed the defendant to prove transactions which occurred prior to the giving of the note, and which had nothing at all to do with it. Thus the defendant was permitted to prove what he had paid for his place of business, and to show the business relations which had existed between the plaintiff and the person from whom the defendant had purchased the business. This evidence was entirely foreign to the issues raised by the pleadings, and was necessarily prejudicial to the defendant. While parol evidence may be received to show that an instrument was not to be binding until the performance of a condition precedent, the evidence received by the court below was not limited to the proof of such a condition, and was not justified by any rule of evidence. Gilroy v. Everson-Hickok Co., 118 App. Div. 733, 103 N. Y. Supp. 620, affirmed 190 N. Y. 551, 83 N. E. 1125.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes