CLAUDIA T. WHEELER, Plaintiff, *v.* FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Defendant.

(Supreme Court, New York Special Term, November, 1919.)

Damages — unliquidated — replevin — judgments — trial — undertakings — tender.

Where a plaintiff recovers judgment for the return of certain chattels or their value as fixed at the trial, she is not bound to accept a tender of a part of the chattels and the value of such as were not returned.

In an action upon undertakings given upon successive appeals from a judgment awarding plaintiff the possession of certain chattels or if a part thereof could not be obtained that she be paid their value, as fixed at the trial, she is entitled to recover damages for failure to deliver the part of the chattels which were not returned.

Such damages being unliquidated, plaintiff was not bound to accept the defendant's valuation of the chattels not returned, for even if the amount tendered was sufficient, such tender of itself would neither satisfy the judgment nor defeat the cause of action for damages.

ACTION to recover on undertakings given upon appeal.

Goldstein & Goldstein (Jonah J. Goldstein, of counsel), for plaintiff.

Platt & Field (Eli J. Blair, of counsel), for defendant.

LEHMAN, J.   The plaintiff has brought an action to recover upon bonds given upon successive appeals to the Appellate Division and the Court of Appeals from a judgment in favor of this plaintiff awarding to her the possession of certain chattels or if portion thereof could not be obtained that the said plaintiff be paid the sum of $12,500, the value thereof.   The answer contains two separate defenses which contain essentially similar allegations to the effect that the party against whom judgment was entered had tendered to the plaintiff the articles adjudged to belong to her with the exception of certain articles of the combined value of $650, and had tendered to the plaintiff this amount together with the costs awarded on affirmance of the original judgment.

There seems to be a great diversity of opinion upon the question of whether a party who has obtained a judgment for the return of chattels or their value as fixed at the trial is bound to accept a tender of part of the chattels and the value of such of the chattels as have not been returned.   In the case of *Kingsley* v. *Sauer,* 17 Misc. Rep. 544, the court at Special Term decided that where a plaintiff had recovered a judgment for the possession of certain hay and if possession of that hay is not delivered the plaintiff recover the value of said chattel, viz., $80.85, the defendant cannot upon motion compel the plaintiff to accept part of the hay and the payment for any shortage or shrinkage. While there are no other decisions in this state upon this subject, and in some other jurisdictions that case has not been followed (see *Leeper, Graves & Co.* v. *First National Bank,* 26 Okla. 707, and cases there cited), its reasoning seems to me cogent, if not

actually unanswerable. The judgment requires the delivery of the entire property in suit or the payment of its entire value. The sheriff has no authority to sever the judgment or to place himself in the position of the jury at the trial and place a value either on the part delivered or the part that is undelivered. Certainly he could not value the part which is not delivered and which he has not even seen, and if the sheriff has no power to execute the judgment in this manner I cannot see how the court could upon motion direct the judgment to be satisfied in this way. The Code provides for the valuation of the chattel at the trial to be made part of the judgment and there is no power in the court in that action to fix the value of the whole or part of the chattel except as part of the judgment. That case, however, does not decide the effect of a tender of part of the goods as a defense in whole or in part to an action brought upon a replevin or appeal bond for damages caused by failure to comply with the judgment.

While the exact question has never been considered, so far as I have been able to find upon a somewhat cursory examination, by any court in this state, it has been considered by some text book writers and passed upon by the courts of some other jurisdictions. In Sutherland on Damages (4th ed.), § 507, the author states that in suits upon replevin bonds " the obligors may avail themselves of any fact which the plaintiff in replevin is not estopped by the judgment therein from setting up in order to limit the sum for which recovery shall be had * * * that a substantial portion of the property has been tendered in the same condition in which it was when the writ was issued.'' See also Wills Replevin, § 422, and cases there cited. In *Leeper, Graves & Co.* v. *First National Bank, supra,* it was held

that where part of the property has been tendered and there is no evidence that the remaining part of the property had been withheld in bad faith and where such part could be readily purchased in the open market, the obligor may show such facts to limit his damages. In the case of *Edwin* v. *Cox,* 61 Ill. App. 567, it was held that if a tender is made of part of the goods in the same condition as when taken the plaintiff would be bound to receive them and could then recover only damages for the failure to tender the whole in an action upon the bond. In *Stevens* v. *Tuite,* 104 Mass. 328, the court reached the opposite conclusion, but it pointed out that in that case the goods replevied constituted a manufacturing plant which should be regarded as an " organized whole.'' These cases, even though not followed in some jurisdictions, together constitute authority of weight that in an action on a replevin or appeal bond the surety should be permitted to show in limitation of damages that a tender was made and kept good of a substantial part of the property; that the other property was not wilfully withheld and could be purchased in the open market or the part which was tendered could be used separately. Nevertheless, even if these authorities are accepted as correctly setting forth the law, the demurrer to the separate defenses in these cases must be sustained. The defenses in the answer are not pleaded as partial defenses and must be tested therefore as complete defenses to the cause of action. Assuming without deciding that the plaintiff herein should have accepted tender of a portion of the goods, she was still entitled in an action upon the bond to recover her damages for failure to deliver the remainder. These damages were unliquidated and the plaintiff was not bound to accept the valuation put

Supreme Court, November, 1919.          [Vol. 109.

upon these goods by the other side. Even if the amount tendered was sufficient, the tender in itself would not satisfy the judgment, nor could it defeat a cause of action for damages any more than a tender of the full amount of unliquidated damages suffered by any other wrong would in itself defeat the cause of action for such wrong. The plaintiff is therefore entitled under her complaint to at least a judgment for the damages suffered by failure to comply with the judgment, and the facts pleaded can constitute no defense. Demurrer is, therefore, sustained, with costs, and with leave to defendant to serve an amended answer within twenty days after notice of entry of order upon payment of said costs.

Ordered accordingly.